## TOWN OF WOODVILLE v. CHESTER H. JENKS.

### [48 South. 620.]

SUPREME COURT. *Constitutional Law. Constitution 1890, sec.* **147.** *Reversals forbidden in certain cases. Removal of causes from chancery to circuit courts.*

Under Constitution of 1890, sec. 147, providing that the supreme court shall not reverse a decree of the chancery court or judgment of the circuit court on the ground of a want of jurisdiction to render the judgment or decree from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction, the supreme court, there being no other error, can only affirm the decree or judgment appealed from, and, in the absence of all action on the subject by the court in which the suit was begun, cannot order the removal of a cause from the one court to the other.

FROM the chancery court of Wilkinson county.

HON. J. S. HICKS, Chancellor.

Jenks, appellee, was complainant in the court below, and the town of Woodville, appellant, was defendant there. From a decree overruling its demurrer to complainant's bill the defendand appealed to the supreme court.

The appellee's bill alleged that the town of Woodville, be-

·cause of services performed by him as an engineer superintend-
ing the construction of a water works and electric light plant,
was indebted to him in the sum of $2,025, compensation claimed
by him at five per centum on the contract price of the plant;
less the credits mentioned in the bill.   The bill alleged that "in-
asmuch as the dealings between complainant and defendant are
voluminous, and extend over a period of several years, the court
should state an account and fix the liability of the defendant to
the complainant."   The prayer of the bill was that an account
·should be stated and that the town be required to pay over to
complainant whatever sum of money might be found to be due
complainant by defendant.   The defendant demurred to the
bill assigning as a ground that a court of equity was without
jurisdiction, since the suit was in assumpsit.   In the supreme
court the appellant contended that the chancery court erred in
overruling appellant's demurrer, and in failing to transfer the
case to the circuit court.

*Bramlette & Tucker,* for appellant.

The account sued on was not a mutual account.   The appel-
lee's claim is one in assumpsit.   Hence the chancery court is
without jurisdiction.   *Abbey v. Owens,* 57 Miss. 297; *Barnard
v. Sykes,* 72 Miss. 297, 18 South. 450; *Adams v. Cotton Mills,*
89 Miss. 865, 43 South. 65.

It may be contended that inasmuch as the chancery court has
assumed jurisdiction, the supreme court, under the state con-
stitution, section 147, will not reverse the decree, under the rul-
ing of *Cazeneuve v. Curell,* 70 Miss. 521, 12 South. 32.   But if
this be true, the chancery court should, *sua sponte,* have trans-
ferred the case to the circuit court, for our constitution, section
162, provides that this shall be done in cases where the circuit
court has exclusive jurisdiction.   Hence, if the supreme court
does not dismiss the bill, the case should be, under appropriate
order of this court, remanded to be transferred to the circuit
court.

· In addition to the mandatory section 162 of our Constitution or rather in aid of it, we insist that the appellant is entitled to a trial by jury, an inalienable right confirmed by section 31 of our Constitution. Hence, if the bill be not dismissed on this appeal, further proceedings below should be in the circuit court.

FLETCHER, J., delivered the opinion of the court.

The demurrer interposed to the bill in this case raises no question, except that the cause is of common-law, and not equity, cognizance. The chancery court, however, overruled the demurrer, thereby taking jurisdiction. Under section 147 of the Constitution of 1890 this court is powerless to reverse for this cause. Nor do we think we are authorized, as urged by counsel, to enter an order here transferring the cause to the circuit court. Such a procedure is for the chancery court.

*Affirmed.*