## DINSMORE *v.* HARDISON.

[71 South. 567.]

APPEAL AND ERROR. *Jurisdiction.   Objection.   Constitutional law.*

> Since the supreme court is forbidden by the terms of constitution
> 1890, section 147, to reverse a decree of the chancery court be-
> cause of any error or mistake as to whether the case in which
> it was rendered was of equity or common law jurisdiction, a
> decree overruling a demurrer to a bill seeking relief for breach
> of contract will not be reversed, though the only relief sought
> was for damages and the action should properly have been
> brought in a court of law.

APPEAL from the chancery court of Noxubee county.
HON. J. F. McCOOL, Chancellor.

Bill by J. M. Hardison against James A. Dinsmore.
From a decree overruling a demurrer to the bill, de-
fendant appeals.

The facts are fully stated in the opinion of the court.

*T. W. Brame* and *O. D. Smith,* for appellant.

In discussing the matter of jurisdiction, we need not
go far afield, the question is surely settled that a court

of law is the proper tribunal in which to ask an award of damages for the failure to perform a simple contract. Moreover the question is well settled as to the appropriate form of action therefor. The facts set out in the bill and alluded to therein, we submit, might form a basis for an action for fraud and deceit. For equity jurisdiction to attach, there must be a distinct ground therefor, and when there is such ground, awarding damages is merely incidental.

We invite the court's especial attention to *Scherck* v. *Moyse*, 94 Miss. 259. Like the case at bar, the plaintiff sought to recover damages resulting from a failure to consummate a profitable resale of property.

The court said: "We may dispose of the contention (that the instrument might form the basis of the suit for damages) by saying that the only damages sought to be here recovered are the profits on a resale, and that these are not recoverable, except in a common law action for fraud and deceit."

The court referred with evident approval to *Vincent* v. *Corbett*, 94 Miss. 46, which is an excellent review of the law governing actions for fraud and deceit. 14 Amer. & Eng. Ency. of Law (2 Ed.) page 173.

The bare allegation that there should be an accounting constitutes the only ground which can possibly give jurisdiction to a court of equity. But it is not fortified by any allegation of advances made on one side or the other; nor of mutual dealings or complicated accounts. An accounting always implies more or less adding up or subtracting and striking a balance. To allow all cases based on simple contract and involving a single transaction or a single item charged by the complainant against the defendant, as in the case involved, would enlarge the jurisdiction of the chancery court beyond any known limit. See *Samuel Garland* v. *Hull*, 13 S. & M. 75.

*Jacobson & Brooks,* for appellee.

Section 147 of the Constitution of Mississippi reads as follows: "No judgment or decree in any chancery or circuit court, rendered in a civil case, shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree for any error or mistake as to whether the case in which it was rendered was of equity or common law jurisdiction."

, I respectfully submit that the chancery court of Noxubee county has taken jurisdiction of this matter and this appeal is here presented from a decree of the court overruling demurrer to the original bill.

Our court fairly teems with decisions upholding and strengthening section 147 of the Constitution of Mississippi.

Sykes, J., delivered the opinion of the court.

This is an appeal from a decree overruling a demurrer to a bill filed in the chancery court of Noxubee county, which bill, in substance, alleges the following facts:

The complainant is engaged in the business of buying cotton, and has an agent in the city of Macon, Miss., who buys cotton there in the open market for him; that his agent, during the year 1913, made a contract with the appellant here for the purchase of sixty bales of cotton which the appellant represented that he had already harvested from his fields; the sixty bales of cotton were to be delivered during the months of September, October, and November, 1913, on a price basis of middling cotton at ten and one-half cents per pound, and that complainant was to pay for the cotton as the same was delivered to him; that in pursuance of this contract the defendant executed and delivered to the complainant a written acknowledgment of the same as follows:

"Macon, Miss., August 16, 1913.

"I have this day sold to J. M. Hardison sixty bales of cotton to be delivered during the months of September, October and November, middling and above, at ten and one-half cents, less weighing, the cotton to be paid for as delivered; any cotton below middling to be settled for at existing differences.     [Signed] James A. Dinsmore."

Complainant alleges that the consideration of this contract was that the defendant was thereby placed in a position of knowing the exact price he was to get for his cotton, and was enabled to go ahead with his business contracts and agreements with the assurance of the sum certain to be realized from the sale of this cotton; that the contract price was a fair and adequate consideration for said cotton. The bill then alleges that it was never the purpose of the defendant to perform his contract and deliver the cotton, and that in executing the contract he perpetrated a fraud upon the complainant, for the above reason; that, relying upon his contract with the defendant, the complainant sold to his patrons or customers the sixty bales of cotton purchased from the defendant, and that after the month of November had passed complainant was compelled to buy sixty bales of cotton in the open market at the market price in order to make up for the failure of the defendant to deliver the said cotton; that middling cotton at this time, in the open market, was worth the sum of twelve and one-half cents per pound, and that complainant was therefore compelled to pay twelve dollars a bale more for this cotton than he had agreed to pay defendant, and for this reason he alleges that he has been damaged in the sum of seven hundred and twenty dollars. Complainant states that it is necessary for an accounting to be had between him and the defendant to ascertain the amount of damages he can recover, and prays that the court appoint a commissioner to state an account of the amount of damage

which he has suffered. The demurrer to this bill alleges as grounds for same: First, that the chancery court has no jurisdiction; second, that the bill does not show any ground for equitable relief; third, that the bill does not show facts constituting a fraud; fourth, that the bill shows on its face that it is a suit for damages for breach of contract, for which complainant has his remedy at law, and that the case should be transferred to the circuit court.

It is the contention of appellant in brief that this is simply a suit for damages arising from the breach of a contract, and that the same should have been brought in the circuit court, and that the chancery court has no jurisdiction thereof. The chancellor, however, assumed jurisdiction of this case, and section 147 of the Constitution of Mississippi, which reads as follows:

"No judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction; but if the supreme court shall find error in the proceedings other than as to jurisdiction, and it shall be necessary to remand the case, the supreme court may remand it to that court which, in its opinion, can best determine the controversy"

—settles this question against the appellant. *Hancock v. Dodge,* 85 Miss. 228, 37 So. 711.

Affirmed, with leave to appellant to answer the bill within sixty days after the mandate of this court reaches the chancery court.

*Affirmed.*