ROBERTSON, REVENUE AGENT, *v.* F. GOODMAN DRY GOODS COMPANY.
SAME *v.* GREENWOOD LUMBER COMPANY.

[76 South. 149, In Banc.]

1. LICENSES. *Trial. State revenue agent. Power to sue.*

Section 4738, Code 1906, empowering the state revenue agent to proceed by suit in the proper court for a past due and unpaid tax, was not designed to authorize the revenue agent to bring such an action in a court of equity and where such action is brought in the chancery court and that court decides to decline jurisdiction in such case section 162 of the Constitution providing that all cases that may be brought in chancery whereof the circuit court has exclusive jurisdiction shall be transferred to the circuit court, is mandatory and the chancery court should transfer the cause to the circuit court.

2. APPEAL AND ERROR. *Appealable orders.*

Notwithstanding, section 147 of the Constitution, which provides that no judgment or decree in any chancery court shall be annulled or reversed for want of jurisdiction or from any error

or mistake as to whether the cause was of equity or common-law jurisdiction, an order of the chancellor sustaining a demurrer to a bill and ordering its transfer to the circuit court is appealable.

APPEAL from the chancery court of Leflore county. Hon. JOE MAY, Chancellor.

Two suits by *Stokes* v. *Robertson* as revenue agent against the F. Goodman Dry Goods Company and Greenwood Lumber Company. From orders sustaining the demurrer to the bills and ordering their transfer to the circuit court, complainant appeals.

The facts are fully stated in the opinion of the court.

*Monroe McClurg,* for appellant.

The briefs filed in the case of the revenue agent against The Goodman Dry Goods Company cover the contentions involved in this case. It is taken for granted that both cases will be submitted at the same time either on briefs and oral argument, or, as I am willing, on briefs only.

This cause differs from the Goodman case solely in pointed contention that, even where the bill is a pure declaration in chancery, that court under section 4738 of the 1906 Code, ought to take jurisdiction and go right along and determine the case.

Hence, this honorable court is respectfully requested to refer to the briefs in the Goodman case in so far as it covers this case, in disposing of this cause.

*Whitting & Osborne,* for appellee.

The order sustaining the demurrer in this case is not such an interlocutory order as an appeal is provided for under section 35 of the Code of 1906, for the reason that no possession of property is changed, no money is required to be paid, no expense or delay is avoided (but on the contrary expense and delay are increased); nor are any principles of this cause to be settled. It is ob-

115 Miss.—14

vious that there can be no contention that this appeal will lie under section 35, unless it is the contention that the principles of the cause are to be settled thereby; and that there are no principles of the cause to be settled by this appeal is clearly settled by the following authorities: *Bierce et al.* v. *Grant,* 91 Miss. 791; *Waterworks* v. *Vicksburg,* 79 Miss. 510; *Delta & Pine Land Co.* v. *Adams,* 48 So. 190; *Clay* v. *Chickasaw,* 63 Miss. 289; *Ward* v. *Whitfield,* 64 Miss. 754; *Railroad Co.* v. *Hopson,* 73 Miss. 772; *Barrier* v. *Kelly,* 81 Miss. 266.

The bill in the case at bar is nothing more or less, in substance and in form than a pure, simple and plain declaration such as would be filed in the circuit court in an action of debt. There is absolutely not a single statement contained in the bill which sets out a ground of equity jurisdiction.

The contentions, upon the strength of which appellant must and does rely, as sustaining his position that the chancery court of Leflore county should have taken jurisdiction of the cause are as follows:

First: That the chancery court of Leflore county, should have taken jurisdiction of this cause in order to avoid a multiplicity of suits and,

Second: That the chancery court of Leflore county should have taken jurisdiction of this cause for the reason that section 4738 of the Code of 1896 expressly authorizes the revenue agent to bring a suit in the chancery court in all cases where back taxes are sought to be recovered, even where as in this case, the action is one for debt, which character of debt is given to such back taxes by section 4256 of the Code of 1906; and this regardless of the lack of allegations giving equitable jurisdiction.

The first contention of appellant that the chancery court should have taken jurisdiction of this case in order to avoid a multiplicity of suits is unsound under a principle of law governing the attaching of jurisdiction by the chancery court on the sole grounds of avoiding a mul

tiplicity of suits, which principle is firmly established in this state. This principle, which is also practically universally recognized, received a most luminious exposition in the opinion delivered by Judge CAMPBELL in the case of *Tribbett* v. *Railroad Company* hereafter cited; and the reasoning in this case, as well as the conclusion reached therein has been, after some apparently conflicting opinions, finally adopted and approved as the correct doctrine on this subject, obtaining in Mississippi. In the latter opinion rendered by Judge McLEAN in the case of *Cumberland Tel. Co.* v. *Williamson,* 101 Miss. 1, this doctrine in its entirety, as enunciated in the Tribbett case was, after exhaustive consideration, fully approved and the principle was firmly established that jurisdiction of the chancery court would not attach on the sole ground of avoiding a multiplicity of suits unless each of such suits, was of itself, and itself, alone, such a suit as a court of equity would take jurisdiction of. *Tribbette* v. *Railroad Co.,* 70 Miss. 182.

The second contention of the appellant is that the chancery court should have taken jurisdiction of this case, even though there are no grounds of equitable jurisdiction alleged in the bill, because section 4738 expressly gave jurisdiction to the chancery court in all cases ''without reference to equities'' assuming, for the sake of argument that the legislature had (quoting from brief of appellant): ''the power to confer jurisdiction on the chancery court, and that without reference to equities.'' It is perfectly obvious from a mere examination of its language, without reference to anything extrinsic, that section 4738 affords absolutely no support for the position that the legislature did thereby invest the revenue agent with the right to bring an action at common law in the chancery court in utter disregard of the lack of equitable grounds. The plain language of the statute is that the revenue agent, ''shall have a right of action and may sue, at law, or in equity, in all such cases where the state, counties, municipalities, or levee

boards have a right of action or may sue." This language is plain, simple and unambiguous, and is susceptible of but one construction, to-wit: that, if the state, county, municipality or levee board could itself bring suit in the chancery court, the revenue agent could bring that same suit in the chancery court; but if the state, county, municapility or levee board could not bring a suit in the chancery court because of lack of equitable grounds, then, the revenue agent could not bring the same suit in the chancery court, and for the same reason. Section 4738 could have no other meaning, and could bear no other construction, and so we say that the court below rightly decided it had no jurisdiction of the case at bar by reason of section 4738; for the court would have no jurisdiction of this suit had it been brought by the state or levee board, and in inevitable sequence, it follows that, under the language quoted from said section, the court had no jurisdiction of this suit brought by the revenue agent.

But in paragraph 2 of counsel's brief he states, regarding court, "it shall transfer all cases brought within it to the circuit court, whereof the circuit court has exclusive jurisdiction, but that constitutional direction is not absolute" and cites many cases to sustain this assertion, as if the assertion, were it sustained thereby, would bolster up his case. We wholly fail to perceive how any of these cases could be conceived to uphold the contention that the chancellor erred in refusing to entertain jurisdiction in transferring this case to the circuit court. Had the demurrer in this cause been overruled and appellee was now in this court as appellant, the aid of these cases could have been invoked by him, with deadly effect, but occupying the position he does, the appellant, in citing these cases, is assuredly "hoist on his own petard," since the writers of these opinions reprobated the action of the various chancellors for doing the very thing appellant says here the court below should have done. With a special note of regret did Judge WOODS

in the case of *Cazeneuve et al.* v. *Currell,* 70 Miss. 521, lament the inability of the supreme court under section 147 of the Constitution, to make a corrective decision of the error frequently committed by chancellors in assuming jurisdiction of actions purely legal in their nature as distinguished from equitable.

Counsel for appellant is even more unfortunate in invoking the assistance of the case of *Murphy* v. *City of Meridian,* 103 Miss. 110, since that case in construing section 162 of the constitution reverses the action of the lower court in sustaining a demurrer to a bill filed therein, over which the circuit court had exclusive jurisdiction, for the reason that the court failed to do the identical thing which was done by the court below, in the case at bar, viz.: transfer the case from the chancery court to the circuit court upon the sustaining of the demurrer to the bill.

*Gardner, McBee & Gardner,* for interested parties.

We respectfully submit that an appeal does not lie from such a decree as was rendered in this case. There is no final judgment, nor is there any decree rendered by which the principles of the case on appeal may be determined.

Section 35 of the Mississippi Code of 1906, permits appeals from any interlocutory order whereby money is required to be paid, or the possession of property changed or . . . in order to settle the principles of the cause, or to avoid expense and delay.

No money is required to be paid; the possession of no property is changed; the principles of the case are not settled; and expense and delay is incurred, rather than avoided.

This section has been held to contemplate: "Appeal only in the cases mentioned specifically, or when the principles of the cause are so involved in the rulings made by the chancellor that it will be a gain to all to

have them promptly passed upon by the appellate court or where an appeal will avoid expense and delay.'' *Clay County* v. *Chickasaw County,* 63 Miss. 289.

No principle is decided here, but it is held simply that this case should be tried in the circuit court. When this case is heard in the circuit court and judgment final rendered by that court, we submit, that if an appeal is then taken, that, under section 147 of the Constitution of the state of Mississippi, a reversal cannot be had upon the ground that the circuit court was without jurisdiction.

''No judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render such judgment or decree.'' Section 147, Mississippi Code of 1906.

If the state revenue agent, in the circuit court, as his first step move to remand this cause to the chancery court and this motion be overruled, we submit, he cannot complain of this ruling on appeal from the circuit court. If he should desire to question the jurisdiction of the circuit court of Leflore county, he must, we take it, challenge the jurisdiction of that court before proceeding further.

Under the above section of the Constitution, this motion cannot prevail. We submit that surely it cannot be heard to raise this point before the time for raising it, before the circuit court of Leflore county is reached. We submit that the authorities are with us on this proposition: No appeal will lie from an order ''allowing appellant to change an equity to a law action and transfer the case to the law docket.'' 2 Enc. of P. & P. 83; *Gunn* v. *Donaghue,* 113 Ills. 481; 3 Corpus Juris, section 302; *St. Louis, I. M. & S. R. R. Co.* v. *Memphis, D. & G. R. Co.,* 102 Ark. 492, 143 S. W. 107; *Sisk* v. *Bluff City Bank,* 129 S. W. 530; *Gilbert* v. *Shaver,* 91 Ark. 231, 120 S. W. 833; *Womack* v. *Conner,* 74 Ark. 352, 85 S. W. 783; *Mercer* v. *Gree,* 89 Ky. 189, 12 S. W. 194;

*Antonsky* v. *City Dye House*, 109 Minn. 96, 123 N. W. 56; *Huffman* v. *Rhodes*, 72 Neb. 78, 100 N. W. 159; *Banager* v. *Orlandi*, 51 Miss. 663, 101 N. Y. S. 115.

"An order of the circuit court transferring a condemnation proceeding to the chancery court is not appealable." *St. Louis, I. M. & S. R. R. Co.* v. *Memphis, D. & G. R. Co., supra.* While no Mississippi cases are cited in the above note, none can be found to the contrary. In this case, the chancellor holding that there was no equity on the face of the bill, on his own motion transferred this case to the circuit court.

The demurrer in this cause does not ask that the case be transferred, but, "Prays the judgment of the court if he shall make any further answer." The chancellor was required by the law in sustaining such demurrer, of his own motion to transfer the case to the circuit court.

"Under Constitution 1890, section 162, so providing where a case is brought in the chancery court whereof the circuit court has exclusive jurisdiction, the case should not be dismissed, but transferred to the circuit court." *Murphy* v. *City of Meridian*, 103 Miss. 110, 60 So. 48.

What if the circuit court of Leflore county has not exclusive jurisdiction we submit that there is no error in the transfer of this case 28 Cyc. 129. 11 Cyc. 700.

"The question of the jurisdiction of the court depends, so far as regards the nature of the thing in controversy, on the character of the suit." *Boone* v. *Poindexter*, 12 S. & M. 640.

We respectfully submit that this appeal should be dismissed.

STEVENS, J., delivered the opinion of the court.

While there are separate briefs on the part of the appellees in the two cases above styled, both cases were submitted together in the oral arguments, and both involve the same law points. In the Goodman Dry Goods

Company case the state revenue agent, for the state and the Yazoo-Mississippi Delta levee district, exhibited a bill in the chancery court of LeFlore county alleging that the F. Goodman Dry Goods Company is a mercantile establishment in the city of Greenwood; that on and after the 1st day of May, 1913, 1914, 1915, and 1916, the defendant company operated for each year a retail mercantile establishment with a stock of goods exceeding twenty thousand dollars for each of the years mentioned, and was accordingly liable to both the state and levee district for an annual tax of sixty dollars as a license to do business; that the defendant had procured a license for each of the years mentioned by paying only thirty dollars to the state and thirty dollars to the levee district; that the defendant had exercised the privilege of operating the business on the license granted; that the licenses were procured either by mistake or fraud, in that the defendant was required to make application under oath, and knowingly made a false statement as to the amount of his stock, and represented that the stock would sometimes exceed seven thousand five hundred dollars, but not over ten thousand dollars, in value, whereas, if the written application had stated the facts truthfully, it would have appeared that the stock sometimes exceeded twenty thousand dollars, but never over twenty-five thousand dollars, during the year. It is charged that the license was obtained by paying an insufficient price; that the payment of an insufficient price was equivalent to paying nothing at all, and the prayer of the bill is for the full amount of the license based upon the larger valuation of the stock as charged in the bill. The bill further represents that due notice was given the defendant that it was due the state and levee board each a balance of thirty dollars for each of the years mentioned, and payment was demanded for this balance, but the defendant declined to pay the same. There is an alternative prayer in the bill that, if the court should be of the opinion that the defendant was

liable for only a balance of thirty dollars per annum, the decree should be accordingly. A general demurrer was interposed to the bill, and upon hearing of the demurrer the chancellor entered a decree reciting that "there is no equity on the face of said bill, and that complainant has a plain and complete remedy at law, and the cause should be transferred to the circuit court," and accordingly sustained the demurrer and embraced in the decree an order transferring the cause to the circuit court in accordance with section 162 of the Constitution.

The bill of complaint exhibited by the revenue agent against the Greenwood Lumber Company charges that the defendant company was a corporation domiciled in the city of Greenwood, where it had been carrying on the business and exercising the privielges of a lumber yard and dealer in lumber continuously from the 1st day of May, 1911, to and including the 1st day of May, 1917, and as such dealer in lumber had an annual sale of lumber from May to May exceeding one-half million feet, and by virtue of the statute became and was liable to pay a privilege license annually in the sum of one hundred dollars to the state and an equal amount to the levee district. It is charged that the defendant conducted business without paying any privilege whatever, and the prayer of the bill is for a personal decree for double the amount of the annual tax for the use of the state and the tax plus ten per cent. for the use of the levee district. The only difference between the two bills of complaint, so far as jurisdiction is concerned, is that the bill against Goodman Dry Goods Company charges that the defendant procured an annual license either by mistake or by fraud, whereas the bill against the Greenwood Lumber Company admittedly presents purely an action for the recovery of a debt. In each case the demurrer to the bill was sustained, and the cause ordered transferred to the circuit court.

Counsel for appellant frankly admits that the main purpose of this appeal is to test the right of the state

revenue agent to choose his forum. It is further contended that the chancellor erred in refusing to take jurisdiction of the bill against the F. Goodman Dry Goods Company because of the charges of fraud therein. But, while the bill in this case in general language "prays for all necessary commissioners and interlocutory orders and decrees," it does not show the necessity for an accounting, or for the appointment of a commissioner or master, or for the award of any other well-recognized equitable relief. The only decree the chancellor could render on final hearing in event he should entertain jurisdiction would be a decree adjudging that the defendant pay a fixed amount of money, a simple monetary judgment. It is frankly conceded by learned counsel for appellant that the bill against the Greenwood Lumber Company "is a pure declaration in chancery." It is contended in both cases, however, that the chancery court should have assumed jurisdiction under section 4738, Code of 1906, which provides that the state revenue agent "may sue at law or in equity."

Inasmuch as the statute relied on should be read as a whole, we here give it in full:

"The state revenue agent may appoint a sufficient number of deputies. He shall have power and it shall be his duty to proceed by suit in the proper court against all officers, county contractors, persons, corporations, companies, associations of persons for all past due and unpaid taxes of any kind whatever, for all penalties or forfeitures, for all past due obligations and indebtedness of any character whatever owing to the state or any county, municipality or levee board, and for damages growing out of the violation of any contract with the state or any county, municipality, or levee board, and shall have a right of action and may sue at law or in equity in all such cases where the state or any county, municipality or levee board has the right of action or may sue. And in all cases of valuation or ownership of property which has escaped taxation, may

have subpœnaed witnesses to testify before the board of supervisors, board of mayor and aldermen or levee board.''

Counsel argue that the present statute was designed to increase or enlarge the powers conferred on the revenue agent by section 4190, Code of 1892, and that now the revenue agent may choose his forum ''as he may find the pulse of the locality;'' that in those counties in which the people look upon the revenue agent as belonging to ''publicans and sinners'' this official should be allowed to enter the friendly doors of a court of equity, and in those communities where the jurors are in sympathy with the demands of the agent he should have the right of trial by jury. It is contended that our statute confers concurrent jurisdiction on both the chancery and circuit courts, and that the revenue agent can sue in either court. Section 162 of the Constitution provides:

''All causes that may be brought in the chancery court whereof the circuit court has exclusive jurisdiction shall be transferred to the circuit court.''

The case of Murphy v. Meridian, 103 Miss. 110, 60 So. 48, held expressly that this section of the Constitution is mandatory. The court by COOK, J., said:

''The complainant by his bill makes a case wherein the circuit court has exclusive jurisdiction; and, when the chancery court decided to decline jurisdiction, section 162 is mandatory, and the chancery court should have transferred the cause to the circuit court for trial.''

So it is that, if the bills of complaint here under review state purely a common-law action, and section 4738 of the Code was not designed to authorize the revenue agent to bring such an action in a court of equity, the chancellor was eminently correct when he sustained the demurrers and ordered the causes to be transferred to the proper forum. In our opinion, section 4738 is not susceptible of the construction which appellant at-

tempts to place upon it. It expressly provides that the revenue agent "shall have power and it shall be his duty to proceed by suit in the proper court." It is true that the statute as written in the Code of 1892 did not contain the language that the revenue agent "shall have a right of action and may sue at law or in equity." This is the language which counsel for appellant insists should be interpreted literally. We believe we are aided in construing this language by remembering the history of the statute. Prior to the adoption of the Code of 1892 taxes were not a debt, and the remedy for the collection thereof was by distress. When our statute authorized the revenue agent to sue for back taxes, his right to sue in chancery in proper cases was challenged, even though the case presented grounds for equitable relief. The case of *Revenue Agent* v. *Stonewall Mills,* 80 Miss. 94, 31 So. 544, is an illustration. In that case there was a general demurrer to the bill because, among other things, "there is no equity on the face of the bill." Our court by WHITFIELD, Chief Justice, said:

"If the facts thus alleged are true, it must be obvious that a plain case for equity jurisdiction, on more grounds than one, has been shown, and no amount of subtle and refined reasoning can obscure the right of the complainant to an answer on the facts."

Manifestly the statute as now written was intended to authorize, and indeed to make it the duty of, the revenue agent to sue for back taxes and it authorizes him to file this suit "in the proper court." In seeking recovery, if it is necessary to have an accounting, discovery, or the aid of any other well-recognized remedy in chancery, the proper forum is a court of equity, and to this end the statute expressly authorizes the revenue agent to sue in equity in all proper cases. But certainly, if the statute presents purely a common-law action for the recovery of a debt, the circuit court is the proper court. Certainly the legislature did not intend

to make of the state revenue agent a favored suitor or to abolish all distincton between equity and common-law jurisdiction.   The demurrer was properly sustained, and the action of the chancellor not only in sustaining the demurrer, but in ordering the cases transferred to the circuit court, must be approved.

Counsel for the appellees have challenged the right of appellant to any appeal in these cases.  We confess that the question whether the appeals should be dismissed presents a more troubling question than those presented by the merits of the case.   On the right of any appeal whatever several points are made.   Section 147 of the Constitution is invoked, and it is contended that by virtue of this section we are powerless to reverse the chancellor for merely declining to assume jurisdiction. The appellant admits that the jurisdiction of the chancery and circuit courts in these cases is at least concurrent; and, taking up this admission, appellees contend that, if the jurisdiction is concurrent, appellant yet has his day in the circuit court, the merits of the case have not been decided, and there is no ground for complaint. There is controversy also as to whether the decrees appealed from are interlocutory or final.   The determination of appellant's right of appeal is not without difficulty. · We believe, however, that the court is justified in assuming jurisdiction of the present appeal.   While we conceive it to be the duty of the circuit court to proceed without question with a cause transferred to it by proper decree of the chancery court, it yet remains that the chancellor might in some instances be in error in transferring a cause that manifestly presents grounds for equitable relief, and that could not be tried in a common-law court, according to right and justice.   We, of course, recognize that such instances would be very rare indeed, and in the present case the chancellor was correct in declining jurisdiction, and no error can be done the appellant by having these causes transferred. A case, however, might be presented where the com-

plainant would be compelled to have a reformation of a written instrument, a discovery, an accounting, or some other remedy in chancery before his rights could be ascertained and justice executed. In such cases the very right of the complainant would depend upon his remedy, and among other rights of litigants they sometimes have the right to equitable remedies, without which their very rights could not be enforced or wrongs done them redressed. If a case of which equity has original jurisdiction should be wrongful transferred by the chancellor to the circuit court, and an appeal prosecuted by permission of the chancellor, we would be bound to hold that the substantial rights of the litigants are presented. If we should decline jurisdiction in the present case, we would be setting a precedent whereby jurisdiction would be declined in all cases of this character. The conclusions we reach do not brings the provisions of the Constitution in conflict one with the other. In the present instance the chancellor on sustaining the demurrers expressly granted an appeal to settle the principles of the case and to avoid expense and delay. We accordingly hold that the court has jurisdiction of this appeal. The decrees of the learned chancery court will be affirmed, and the causes remanded to be transferred to the circuit court in accordanc with the decree of the court and the statute regulating the procedure in such cases.

*Affirmed and remanded.*

Etheridge, J. (dissenting). I am unable to concur with the majority in the construction placed on section 4738 of the Code with reference to the right of the state revenue agent to sue in the chancery court. Under section 4190 of the Code of 1892, which did not contain the provision of the present statute, "and shall have a right of action and may sue at law or in equity in all such cases," the supreme court held that the revenue agent had a right to sue in the chancery court in a case presenting equitable features, although there was nothing more

than the language in the former statute and the present statute, "he shall have power and it shall be his duty to proceed by suit in the proper court against all officers," etc.  With this construction placed upon the former statute giving the revenue agent the right to sue in equity in cases presenting equitable features, it is difficult to reason out why the legislature would put in the present clause "and shall have a right of action and may sue at law or in equity in all such cases," etc., if the only purpose of adding this section was to create the right he already had.  I think the legislature should be treated as an intelligent body of men who understand the use of language, and that effect should be given to the language used by the legislature, and we should attribute to the legislature a definite purpose when we consider any change they have inserted in a statute which did not exist in a statute before.  To one understanding the history of the revenue litigation in this state and the vast number of suits necessary to be brought to enforce the state's right to collect its revenues it is difficult to see how we could escape the conclusion that it was the deliberate purpose of the legislature to give the revenue agent power to proceed in either court in all cases where the state could bring suit. In counties having large cities and large business interests and where tax dodgers frequently fail to pay proper tax or license, it was necessary to sue large numbers of people, and of course each person had to be sued separately.  If all these suits had to be brought in the circuit court and each tried separately before a separate jury with all the expense and delay of a jury trial, it would be practically impossible to collect delinquent revenues and other obligations.  In many places large numbers of suits were filed in the circuit court, and as the circuit court is in most counties only held two terms per year, and these terms were limited to short periods of time, and as the court could not impanel juries and try cases in vacation, it was necessary to devise some

means to bring these causes to trial, or else let the delinquent escape his just obligations to the state. The revenue agent is nothing more nor less than the representative of the state. He is not collecting these revenues for his individual use, but is collecting for the state and counties, and is in reality the state itself in court, because the state can only sue through some personal representative. In addition to this it often develops after a suit has been filed that some relief like discovery or an accounting develops that did not exist, or was not known when the bill was filed, and in such case the action in law would be delayed until proceedings could be had in equity in aid of the law court. In addition to all this in certain counties there are strong influences banded together for the purpose of thwarting, hindering, or defeating the state in its action, because where large numbers of persons were sued separately they generally brought all the influence they could bear to prejudice the public mind against the suits of the state revenue agent, and in disputed questions of fact were often enabled by means of local influences and jury control to defeat the state of its rights altogether. There is no reason why the legislatuure should not confer jurisdiction on the chancery court, but there is strong reason why it should do so. In the chancery court the evidence may be taken in vacation, and the causes may, by consent, be tried in vacation, and by reason of the advantages of the chancery court the litigation could be brought to a speedy termination. I do not think the court should thwart the efforts of the legislature in creating such agency and procedure as it may find necessary to take care of the state's business. There have been many statutory jurisdictions conferred on the chancery court not named in the Constitution, and the legislature has the power to pass such statutes as it desires giving concurrent jurisdiction to the court. When the Constitution uses the language, ''all causes that may be brought in the chancery court whereof the circuit court

has exclusive jurisdiction, shall be transferred to the circuit court,'' it means, of course, that where a cause has been brought in the chancery court where the chancery court has no jurisdiction conferred by the Constitution or by statute that it should be transferred to the circuit court, which, of course, would have jurisdiction where the chancery court did not have it, but this section does not prevent the legislature from conferring on the chancery court such jurisdiction concurrent with the circuit court as it may deem advisable or expedient, and does not mean that the chancery court shall transfer to the circuit court for trial a jurisdiction which, under the law, it may entertain and try.   In case the law has vested jurisdiction in the chancery court it should proceed to try the cause, and not send it to the other court.   The question involved here was discussed by this court in the case of *Delta & Pine Land Co.* v. *Adams,* 93 Miss. 341 and 359, and 48 So. 190, 194, where WHITFIELD, C. J., used the following language:

''It is also said by learned counsel for appellant that the language in section 4256 that these taxes, treated as debts, may be recovered by 'action,' because of the use of the word 'action,' excludes the right to proceed in the chancery court.   The law has armed the revenue agent, and armed him properly, with the amplest and fullest authority to sue in either a court of law or equity under Code of 1906, sections 4738, 4742, and 4743.   If it be said that the only right to bring this action is to be found in this particular section 4256, the answer is that, whilst that is perfectly true, the construction which would make the word 'action' relate to the circuit court alone is palpably too narrow.   What possible reason could be assigned for a purpose, on the part of the legislature, to restrict the revenue agent to a court of law for the recovery of taxes treated as a debt, in all cases, universally?   Nothing is easier than to conceive of cases so complicated in their facts, and presenting so many difficulties as to the collection of taxes, as that the machinery of the court of chancery alone is elastic enough

to deal effectively with the situation. . . . It would have been exceedingly easy for the legislature to have said, if they had so meant, that the remedy should be pursued alone in the circuit court. The legislature has not said so, all reason is against such a view, and the word 'action' must be so construed as to work out what appears clearly to have been the purpose of the legislature; and we hold, accordingly, that it empowers suit in either court.''

The third syllabus to this case is as follows:

''3. Taxes—Back Taxes—Code 1906, section 4256—Debt—Remedy—Action.—Code 1906, section 4256, providing that every lawful tax levied by the state, a county, or municipality is a debt due by the person owning the property and may be recovered by action: (a) Creates an additional and more effective remedy by which the nature of the tax obligation is changed to that of a debt; and (b) applies as well to back taxes as to current ones, since the statutory method (Code 1906, section 4740) for collecting back taxes is not exclusive; and (c) the use of the word 'action' in the section does not confine the remedy to courts of law, since other statutes (Code 1906, sections 4738, 4742, 4743) give the revenue agent authority to sue at law or in equity; but (d) the section creates a new obligation to pay as well as a new remedy, can have no retroactive effect, and a personal decree in a suit thereunder cannot be rendered for back taxes due before its adoption, although assessed thereafter, since they were not debts but merely taxes.''

It is of the utmost importance to the state, as well as to the interests of the honest taxpayer, that all persons bear their just proportion of the burdens of taxation, and no obstacle should be thrown in the way of the state through its proper agent to enforce the discharge of these common obligations upon which the government must depend for its support.

I concur in the proposition that the court has jurisdiction to decide this appeal.