W. Horace Williams Co. *v.* Federal Credit Co. *et al.*

(In Banc. March 26, 1945.)

[21 So. (2d) 582. No. 35817.]

J. W. Savage and English Lindsey, both of Gulfport, for appellant.

Heidelberg & Roberts, of Hattiesburg, for appellees.

**Griffith, J.,** delivered the opinion of the court.

Dan King filed his bill in equity in the county court of Forrest County, the amount involved being less than one thousand dollars, and he made defendants thereto Federal Credit Co. and W. Horace Williams Co., corporations, and J. G. Seals. The defendants answered, and Federal Credit Co. made its answer a cross-bill against the other parties. On the final hearing the county court entered a decree against the Williams Co. as well as against one or more of the others, and the Williams Co. appealed, not to the chancery court, but to the circuit court, and in the circuit court the appeal was dismissed. From the circuit court the Williams Co. has appealed to this court.

The parties have briefed the case on the merits, but appellant says further, and touching the procedural aspects of the case, first, that the decree of the county court is void for the reason, as appellant contends, that the county court was without jurisdiction of the subject matter, the cause being one in equity. We shall deal only with the procedural points.

Appellant says that when Section 159, Constitution 1890, conferred upon the chancery court full jurisdiction in all matters of equity, it meant thereby to confer upon that court exclusive jurisdiction in matters of equity and that this would prohibit the exercise by the county court of any part of such jurisdiction although done as an inferior court of equity under Section 172 of the Constitution. This contention was denied in State ex rel. Knox v. Speakes, 144 Miss. 125, 109 So. 129, nearly twenty years ago, and we had supposed that everybody has con-

sidered the debate on that issue as having been closed, as it is.

Appellant's second point is that Section 1616, Code 1942, which is a rescript of Chapter 229, Laws 1940, is invalid in so far as it provides an appeal from the county court to the chancery court in equity cases, it being the contention of appellant that appeals from inferior courts can be taken only to the circuit court and Section 156 of the Constitution is cited in support of the contention. This point also has been disposed of adversely to the contention of appellant by the principles laid down in Drummond v. State, 184 Miss. 738, 185 So. 207. It is interesting to note that the county court act as originally introduced in the legislature in 1926 contained the provision that appeals from the county court in equity cases should go to the chancery court, but the committees, out of caution that Section 156 of the Constitution might be held to control, changed it, and this was one of the grounds of dissent by Judge McGowen in the Speakes case. At the next session of the legislature after the Drummond case was decided, the legislature enacted the statute as it now stands, and as it should have been from the first.

Appellant's third point that the circuit should have transferred the appeal to the chancery is well taken. As already stated, appellant took its appeal from the county court to the circuit court, although the case in the county court was in equity. When appellees in the circuit court challenged the jurisdiction of that court of the appeal under the statute, Section 1616, Code 1942, appellant moved the court to transfer the appeal to the chancery court where it belonged, but the circuit court overruled the motion and dismissed the appeal, which action if correct would deny an appeal because at the time it was too late to appeal anew.

Section 157, Constitution 1890, provides that "All causes that may be brought in the circuit court whereof the chancery court has exclusive jurisdiction shall be

transferred to the chancery court," and Section 162 contains a like provision as to transfers by the chancery court to the circuit court. These sections are mandatory as held in Murphy v. Meridian, 103 Miss. 110, 60 So. 48, and Robertson v. F. Goodman Dry Goods Co., 115 Miss. 210, 76 So. 149. And see particularly Bradley v. Howell, 161 Miss. 346, 357, 133 So. 660, 134 So. 843. It is true that the cited constitutional sections when read literally have reference only to cases "brought in the circuit court" or in the chancery court, but the principles announced in Moore v. General Motors Acc. Corp., 155 Miss. 818, 125 So. 411, are to be applied, so that when a case gets to either of these courts on appeal they are there within the constitutional sections as well as if originally brought there. The court will look to the dominant object to be accomplished by the constitutional provisions rather than to a literal or technical interpretation.

In Moore v. General, etc., Corp., supra, the court had under consideration the question whether Section 147 of the Constitution applies to county courts. The language of that section is that "no judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or of common-law jurisdiction," etc. It was contended in that case that inasmuch as the Section by its express language referred only to the circuit and chancery courts it could not be made to apply to the county courts, but the court held that the purpose of the constitutional provision was to prevent the running of the gauntlet as to whether at the end a case was one of equity or of law, and that it applied as well to county courts. So here, if on appeal to the circuit court it is found that the case is one in equity, or if on appeal to the chancery court it is found to be one in law, unless the constitutional provisions requiring transfer are to be applied, then again the way is open for the running of

the ancient gauntlet which the Constitution intended completely to intercept. We do not deem it necessary to further enlarge upon what was said in Moore v. General, etc., Corp. Our conclusion is that the circuit court should have transferred the appeal to the chancery court where it belonged.

It is true that the appeal bond was conditioned to perform according to the judgment of the circuit court, but if not sufficient under Section 1673, Code 1942, it could have been amended in the chancery court as a condition of retention there, but as to either of these we do not decide since this point is not discussed by the parties beyond its mention.

We do not touch upon the merits of the case for it has not been reviewed by the chancery court which must be first done. We reverse the judgment which dismissed the appeal, and, making the order which the circuit court should have made, we transfer and remand the cause to the chancery court of Forrest County.

Reversed and remanded to the chancery court.