J. K. Taylor, d/b/a Taylor Glass Co., et al. v. Hines, et al.

No. 39283 October 11, 1954 74 So. 2d 834

*Brandon, Brandon, Hornsby & Handy,* Natchez, for appellants.

*R. L. Netterville,* Natchez, for appellees.

McGehee, C. J.

This is an attachment suit in chancery under the provision of Section 2729, Code of 1942. The appeal was granted from an interlocutory decree whereby the demurrers of the appellants were overruled and the appeal granted to settle all the controlling principles of law involved, "and to avoid expense * * *."

It is alleged in the bill of complaint that the appellee Eddie Hines was employed to perform certain labor on a building at Natchez, Mississippi, which had been leased by the appellant Busch Jewelry Company No. 2, a Delaware corporation having an office, agents, and employees at Natchez, in Adams County, Mississippi; that the work was performed at the instance of the appellant J. K. Taylor, doing business as the Taylor Glass Company; that the appellee Eddie Hines had a number of workmen who assisted him in doing the work contracted for; that none of the men were paid for their services, and for which they are alleged to have been entitled to receive the sum of $842.75, less a credit of $125 thereon.

The complainants, Eddie Hines and others, further alleged that they had made demands upon both of the defendants for the payment of the sums due each of the complainants and that payment had been refused; that the defendant J. K. Taylor was a nonresident of the state, who lives at Birmingham, Alabama, and that he was completing said construction job at Natchez on the date of the filing of the bill of complaint, and was planning to return to the State of Alabama forthwith; that the complainants are not advised as to whether they were employed by Taylor as the agent and employee of the Busch Jewelry Company, or whether Taylor was an

independent contractor; and that in the event he was an independent contractor, the said Busch Jewelry Company, then doing business in this state with an office, agent, and employees at Natchez, had funds in its hands belonging to, or was indebted to the said J. K. Taylor, doing business as Taylor Glass Company.

The bill further alleged that the complainants were entitled to a discovery as to the true relationship between the defendants, and are entitled to a discovery as to what funds the Busch Jewelry Company had in its hands belonging to its nonresident codefendant, or in what sum it was indebted to him.

Certain interrogatories are propounded in the bill of complaint to each of the defendants, the purpose of which was to require a disclosure as to which one of the defendants is liable to the complainants for payment of the sum due them for labor performed on the leased premises of the defendant Busch Jewelry Company.

■■■ We are of the opinion that the bill of complaint contains sufficient allegations to confer jurisdiction upon the chancery court of this suit, and to require an answer from the defendants, both of whom were personally served with process, the summons having been served personally on J. K. Taylor, in Adams County, on the same day of the filing of the suit, and having been served upon the Honorable J. H. Thompson of Jackson, as agent of the Busch Jewelry Company No. 1 and 2, for the service of process in this state, and also upon two alleged agents of the said corporation in charge of its office in Adams County, Mississippi, there being no motion to quash the latter process on the ground that the service thereof upon the two named agents was ineffective because of their unofficial status.

Section 2729, supra, provides, among other things, that "The court shall give a decree in personam against such nonresident, absent or absconding debtor (alleged to be J. K. Taylor in the instant case) if summons has been

personally served upon him, or if he has entered an appearance.''

██ Under Section 147 of the Constitution of 1890 we would not be justified in reversing the case because of want of jurisdiction in the chancery court, if such were the case, on the ground that the complainants may have had an adequate remedy at law to enforce their alleged **laborers' lien**. Day v. Hartman, 74 Miss. 489, 21 So. 302; Engleburg v. Tonkel, 140 Miss. 513, 106 So. 447; Dinsmore v. Hardison, 111 Miss. 313, 71 So. 567; Woodville v. Jenks, 94 Miss. 210, 48 So. 620; and Canzeneuve v. Currell, 70 Miss. 521, 13 So. 32.

If in the opinion of the trial court the case had been one to be tried more appropriately in the circuit court, which we do not decide here, the chancellor should have transferred the cause, instead of granting a request of defendants to dismiss the suit for want of equity jurisdiction. In the instant case, the chancellor overruled the demurrers and thereby retained jurisdiction to try the case on its merits, and his failure to transfer the case to the circuit court does not constitute reversible error, even if he had been requested to transfer the same. Eagle Lumber and Supply Company v. Peyton, 145 Miss. 482, 111 So. 141; Boyett v. Boyett, 152 Miss. 201, 119 So. 299; Robertson v. F. Goodman Dry Goods Company, 115 Miss. 210, 76 So. 149; W. Horace Williams Company v. Federal Credit Company, 198 Miss. 111, 21 So. 2d 582.

We are therefore of the opinion that the decree overruling the demurrers should be affirmed, and the cause remanded.

Affirmed and remanded.

*Hall, Kyle, Arrington* and *Gillespie, JJ.,* concur.