KITCHENS, Justice,
for the Court:
¶ 1. Today we are called upon to determine whether a county court had jurisdiction to determine child custody in a paternity action in 1999. We hold that it did not, and that county courts do not have jurisdiction to make child custody determinations ab initio. Accordingly, we must reverse the custody determination of the County Court of Lauderdale County and remand the case to the county court with instructions to transfer the proceedings to chancery court.
BACKGROUND AND ANALYSIS
¶ 2. In 1999 the County Court of Laud-erdale County determined that Brian Bronk was the natural father of Margaret Hobson’s minor child. In that same judgment, the county court granted sole custody to Hobson. Soon after the child’s birth, *1132 the county court entered a judgment ordering Bronk to pay child support to Hob-son in the amount of $400 per month. In 2013, Bronk presented an ore tenus motion in which he contended that all of the orders and judgments related to child custody were invalid because the county court never had jurisdiction to determine custody in the first place. The county court denied the motion, and Bronk filed a petition for interlocutory appeal with this Court, which we granted.
¶ 3. The sole issue Bronk raises on appeal is whether the county court had jurisdiction to make child custody determinations in this case. As this Court sits in the same position as the trial court when it reviews questions of jurisdiction, the standard of review for jurisdictional issues is de novo. City of Cherokee v. Parsons, 944 So.2d 886, 888 (¶ 6) (Miss.2006). “Jurisdiction is decided based on the existing facts at the time the action is commenced.” Joshua Properties, LLC v. D1 Sports Holdings, LLC, 130 So.3d 1089, 1092 (¶8) (Miss.2014).
? 4. To determine whether county courts and chancery courts share original jurisdiction over custody matters, we must analyze their respective sources of jurisdiction. The Mississippi Constitution granted full jurisdiction to chancery courts in matters of equity, divorce and alimony, minors’ business, and any other types of cases in which chancery courts retained jurisdiction when the Constitution was promulgated. Miss. Const, art. 6, § 159. Bronk argues that granting full jurisdiction to the chancery courts in matters of equity and minors’ business grants exclusive jurisdiction over custody matters, and relies on this Court’s statement that “[u]n-der Mississippi law, chancery court has continuous and exclusive jurisdiction over custody proceedings.” Helmert v. Biffany, 842 So.2d 1287, 1291 (¶ 20) (Miss.2003) (emphasis added). According to Bronk, this clear language settles the issue.
¶ 5. It is not that simple, however. This Court has made it clear that “full” jurisdiction and “exclusive” jurisdiction have two very different meanings. In fact, “[t]his Court has rejected the assertion that Article 6, Section 159 of the Mississippi Constitution conferred exclusive jurisdiction in all matters of equity when it conferred full jurisdiction over such matters.” Germany v. Germany, 123 So.3d 423, 427 (¶ 9) (Miss.2013) (citing W. Horace Williams Co. v. Fed. Credit Co., 198 Miss. 111, 21 So.2d 582, 583 (1945)). In that sense, full jurisdiction is that which may be shared with “such inferior courts as” the Legislature, in its constitutional prerogative, deems necessary. See Miss. Const, art. 6, § 172. Exclusive jurisdiction, on the other hand, is ironclad, and may not be removed from or shared by those courts to which the Constitution has granted it.
¶ 6. Accordingly, the full grant of equitable jurisdiction to chancery courts may be shared with such inferior courts as the Legislature deems necessary. The county court is one such court; and, as it is a creature of statute, its jurisdiction is prescribed exclusively by the Legislature.
¶ 7. While a statute unequivocally grants county courts jurisdiction over paternity determinations,[1] no such specific statute exists regarding child custody. Accordingly, we must analyze the general grant of county court jurisdiction found in Mississippi Code Section 9-9-21. For our purposes, the relevant part of the statute states that the county court “shall have jurisdiction concurrent with the circuit and *1133 chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of Two Hundred Thousand Dollars ($200,-000.00).... ” Miss.Code Ann. § 9-9-21 (Rev. 2014). Accordingly, if the value of the thing in controversy is $200,000 or less, the county court has jurisdiction. Our task is to decide whether that grant of jurisdiction brings the determination of child custody under the ambit of the county court.
¶ 8. The problem immediately presented is that the value of the custody of a child is incalculable, i.e., it cannot be expressed in terms of pecuniary value. None other than Chief Justice John Marshall of the United States Supreme Court wrote that the Court over which he presided was without jurisdiction to hear a guardianship dispute, as the matter in controversy in federal court at the time had to exceed $2,000 and “[t]he office of guardian is of no value.... ” Ritchie v. Mauro, 27 U.S. 243, 244, 2 Pet. 243, 7 L.Ed. 411 (1829). The Supreme Court later held that it was without jurisdiction to hear a child custody dispute, as “no test of money value [could] be applied[,]” and the case therefore did not meet the jurisdictional requirement of $2,000. Barry v. Mercein, 46 U.S. 103, 120, 5 How. 103, 12 L.Ed. 70 (1847). Therefore, it is fair to say that the value of child custody is neither less nor more than any dollar amount, but, rather, it is outside the bounds of monetary value altogether. Historically, America’s federal courts did not assume jurisdiction over such matters because they had been granted jurisdiction only in cases in which a monetary value could be determined, and our judicial forebears reasoned that there are some areas of the law in which a monetary value test for jurisdiction has no utility, and that the custody of children is one of them.
¶ 9. Here, the jurisdiction of county courts is defined inversely from the jurisdiction of the federal courts. Instead of being granted jurisdiction when the amount in controversy is greater than some threshold value, county courts retain jurisdiction when the amount in controversy is not greater than $200,000. Thus, it can be argued that the value of child custody, which is incalculable, technically does not exceed the value of $200,000, since it has no monetary value.[2] This would mean that child custody is a matter within the jurisdiction of county courts.
¶ 10. We are not persuaded by that logic, however. The more reasonable holding is that the language of the statute grants jurisdiction to county courts only in the context of matters in which the things in controversy have values which can be determined. The custody of a human child does not fit into that definition. Although the value of the custody of a child cannot exceed the $200,000 limit, neither can it be within the $200,000 limit. Custody simply is a different type of legal commodity that cannot be defined in dollars and cents. Indeed, for most people, the value of the custody of their child is incalculable precisely because no amount of money could ever satisfy it. Put another way, when jurisdiction is defined by the dollar value *1134 of the thing in controversy, jurisdiction has not been granted where the thing in controversy has no dollar value, or cannot be expressed in terms of financial value.
¶ 11. Accordingly, we find that Section 9-9-21 grants county courts jurisdiction over all matters in law and equity wherein the value of the thing in controversy is capable of being expressed in terms of monetary value, and that value does not exceed $200,000. Absent explicit statutory language to the contrary, this does not include child custody determinations. The Legislature is free to grant, affirmatively and clearly, jurisdiction over child custody matters to county courts, but it has not done so.
¶ 12. However, Hobson argues that a 2013 amendment to Section 93-9-15 unequivocally brought child custody into the jurisdiction of the county courts. Section 93-9-15, which granted jurisdiction to county courts to adjudicate paternity, was amended by Senate Bill 2010 in 2013, which was titled “AN ACT TO AMEND SECTION 93-9-15, ... TO CLARIFY THE JURISDICTION OF THE COURT OVER THE AWARD OF CUSTODY IN THE COURSE OF A PATERNITY PROCEEDING AND TO AUTHORIZE REIMBURSEMENT TO MEDICAID FOR EXPENSES OF PREGNANCY AND CONFINEMENT; AND FOR RELATED PURPOSES.” S.B.2010, 2013 Leg., Reg. Sess. (Miss.2013). As amended, the statute states, in pertinent part, “The county court, the circuit court, or the chancery court has jurisdiction of an action under Sections 93-9-1 through 93-9-49, and all remedies for the enforcement of orders awarding custody or for expenses of pregnancy and confinement for a wife.... ” Miss.Code Ann. § 93-9-15 (Rev. 2013) (amendment emphasized).
¶ 13. Bronk argues that the amendment simply clarified the jurisdiction of county courts with regard to their ability to enforce custody orders and determinations, not make them. Hobson contends that the amendment clarifies that the county court may hear child custody issues in the course of a paternity proceeding. She also argues that, as it is a clarification of existing law, the Legislature intended the bill to apply retroactively.
¶ 14. The bill states that it “shall take effect and be in force from and after its passage.” S.B. 2010, 2013 Leg., Reg. Sess. (Miss.2013). Accordingly, the bill was effective on the date of its passage, April 24, 2013, and it does not apply retroactively. Further, our determinations of jurisdiction are “decided based on the existing facts at the time the action is commenced.” Joshua Properties, 130 So.3d at 1092 (¶ 8). Senate Bill 2010 is not applicable to this dispute.
CONCLUSION
¶ 15. Although chancery courts do not have exclusive jurisdiction over child custody matters, the Legislature has not granted the chancery courts’ full jurisdiction over custody matters to the county courts. Section 9-9-21 grants county courts concurrent jurisdiction with chancery courts “in all matters of law and equity” only where the thing in controversy has a value that can be determined, and where that value does not exceed $200,000. The value of child custody is incalculable and therefore is not a subject that was included in the Legislature’s grant of chancery jurisdiction to the county courts of this State. Senate Bill 2010 is inapplicable to this case, as it has only prospective application, and it did not expand the jurisdiction of the county courts in any case.
¶ 16. “If the court is without jurisdiction — subject matter or personal — no one is bound by anything the court may say *1135 regarding the (de)merits of the case.” Petters v. Petters, 560 So.2d 722, 723 (Miss.1990). The County Court of Lauderdale County was without jurisdiction to adjudicate custody in this case. Accordingly, its original child custody determination, as well as any and all subsequent custody decisions or modifications, are void and are hereby vacated. We remand this case to County Court of Lauderdale County with instructions to transfer it to the Chancery Court of Lauderdale County for a custody determination.
¶ 17. REVERSED AND REMANDED.
RANDOLPH, P.J., LAMAR, CHANDLER AND PIERCE, JJ, CONCUR. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., AND KING, J. WALLER, C.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.; DICKINSON, P.J., AND COLEMAN, J., JOIN IN PART.

. "The county court, the circuit court, or the chancery court has jurisdiction of an action under Sections 93-9-1 through 93-9-49-" Miss.Code Ann. § 93-9-15 (Rev. 2013).

. However, as its value is not monetary, but something else altogether, child custody cannot be said to be worth less than $200,000 either. To say that child custody does not exceed a dollar amount is like saying that an inch does not exceed an ounce. The two metrics have nothing to do with each other: length does not contemplate weight, nor does weight contemplate length. In that same sense, it could be said that money does not contemplate love, nor love money. Any grant of jurisdiction in terms of one has nothing to do with the other.