WARNER *v.* HOGIN.*

(Division B. Oct. 31, 1927.)

[114 So. 347. No. 26580.]

1. APPEAL AND ERROR. *Interlocutory decree, sustaining demurrer on ground that bill did not state grounds for discovery and accounting and transferring cause to circuit court, was not appealable; "principles involved in cause" (Hemingway's Code 1927, section 9).*

   Interlocutory decree in chancery court, sustaining demurrer on ground that bill failed to state cause for discovery and accounting and transferring cause to circuit court, was not appealable under Laws 1924, chapter 151, section 17 (Hemingway's Code 1927, section 9), since sole question was one of jurisdiction as between chancery court and circuit court, and decision of this question was not determination of "principles involved in cause."

2. TRIAL. *Where cause was transferred from chancery court to circuit court, latter acquired jurisdiction whether it was of law cognizance or not (Hemingway's Code 1927, section 496).*

   Under Code 1906, section 703 (Hemingway's Code 1927, section 496), providing that "circuit court shall have jurisdiction of all cases

transferred to it by chancery court," where chancery court trans-
ferred cause to circuit court on ground that bill failed to state
cause of action for discovery and accounting and that subject
of litigation was one of exclusive law jurisdiction, circuit court
acquired jurisdiction to finally dispose of cause whether it was
one of equity or law cognizance.

3. APPEAL AND ERROR. *Cause cannot be reversed because of having
been transferred to wrong court unless complaining party has
been denied substantial right thereby (Constitution 1890, section
147).*

Where cause, which has been transferred by either chancery court
or circuit court to the other, is appealed, supreme court cannot
reverse it, under Constitution 1890, section 147, on ground alone
of mistake of jurisdiction, but if, in addition, complaining party
is denied substantial right on account of cause being in wrong
court, supreme court will reverse it and send it to right court.

4. APPEAL AND ERROR. *Supreme court itself will raise question of its
jurisdiction of appeal from decree transferring cause from
chancery to circuit court (Constitution 1890, section 147).*

Supreme court itself will raise question whether it has jurisdiction
under Constitution 1890, section 147, of appeal from decree of
chancery court transferring cause to circuit court.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 372, n.
53; p. 459, n. 49; 4CJ, p. 1175, n. 36 New; Trial, 38Cyc, p. 1292, n. 17
New.

APPEAL from chancery court of Sunflower county.
HON. J. L. WILLIAMS, Chancellor.

Suit in chancery court by C. B. Warner against John
E. Hogin. From a decree sustaining a demurrer and
transferring the cause to the circuit court, plaintiff ap-
peals. Appeal dismissed.

*Pollard & Hamner,* for appellant.

The chancellor should have overruled the demurrer,
as it went clearly to the jurisdictional feature of the
cause. This case is of equity jurisdiction, since it in-
volved both an accounting and a discovery.

This court has ruled so frequently and so consistently that the allegations of the bill must be accepted as true on demurrer that we will neither argue this point nor cite authorities. Griffith's Miss. Ch. Pr., section 289.

The court below should have overruled the demurrer, ordered the defendant to answer with a complete discovery, as prayed for, and then on proof should have awarded a decree to the complainant for such sum, if any, as the proof showed that he was entitled to receive; and in failing to do this, the court below erred.

*Chapman, Moody & Johnson,* for appellee.

*The accounting.* The bill fails to make any allegations justifying an accounting in equity. Section 161 of the Constitution, by which section the chancery court has jurisdiction of suits involving inquiry into matters of mutual accounts. 1 C. J., pages 598-99.; *Barneard & Co.* v. *Sykes,* 72 Miss. 297, 302, 18 So. 450.

We apprehend that the appellant does not claim that the account is a mutual account, but that a court of equity has jurisdiction by reason of the complexity of the account. It would seem from the section of the Constitution cited, that the chancery court has not original jurisdiction if the accounts are only complicated and not mutual; but that if a suit is brought in the circuit court and it appears that the accounts to be investigated are mutual and complicated, the suit may be transferred to the chancery court. But assuming for the sake of argument that the chancery court has jurisdiction to decree. an accounting where the accounts are complicated, we shall now inquire whether the allegations of the bill state such a case. Appellant confuses the real or apparent difficulty of making the calculations upon the basis agreed on in the contract with an equitable accounting. 1 C. J., pages 619-20.

In the case at bar the items of account are upon one side only, and surely it presents no great complexity.

For the year 1923 the rent will be determined by the average price of Grade D-8, and for the year 1924 the rent is four thousand dollars; the complainant has received certain sums, which he has credited on the account; the balance due him, if any, is easily and readily determined. *Lesley* v. *Rosson,* 39 Miss. 368; *Barnard & Co.* v. *Sykes,* 72 Miss. 297, 18 So. 450; *Walley & Sons* v. *Dantzler Lbr. Co.,* 114 Miss. 601, 75 So. 433.

*The discovery.* It is not true that all of the allegations of the bill must be accepted as true; a demurrer admits only all material facts well pleaded in the bill; it does not admit conclusions of law, inferences or deductions of facts; it does not admit all of the allegations of the bill, but it admits only the material, well-pleaded facts. *Tennent* v. *Barksdale,* 3 So. 80; *Partee* v. *Kortrecht,* 54 Miss. 66.

It is true that the bill in the instant case alleges "that such information is all peculiarly within the knowledge of the defendant," but that statement is a bare inference, or conclusion of the pleader, not warranted by the allegations of fact contained in the bill and, indeed, is contrary to and contradicted by them. A perusal of the bill readily discloses that the facts, of which discovery is prayed, and which are alleged to be peculiarly within the knowledge of the defendant, are shown by the bill not to be peculiarly within his knowledge, but to be facts in the possession and knowledge of the Staple Cotton Co-operative Association.

An examination of the bill shows that every fact of which discovery is prayed, is not a fact exclusively or peculiarly within the knowledge of the defendant, or even that it is a fact within his knowledge at all, but that it is a fact within the knowledge and possession of the Staple Cotton Co-operative Association, not a party to this suit, and such as might be ascertained from an examination of its records and books. To require this defendant, only a member of the Cotton Association, to disclose what is shown by its records and books, would be on a parity

with requiring a stockholder of a large corporation—e. g. United States Steel Corporation, or American Telephone & Telegraph Company—to discover what the records and books of such corporation may show. The requisites of a bill of discovery are stated in Griffith's Miss. Ch. Practice, sections 429, 430.

The rule in regard to a discovery where equity jurisdiction depends on the discovery is succinctly stated in syllabus 5, *Boyd* v. *Swing, Ad'm,* 38 Miss. 183. The facts complainant seeks to make defendant discover can be established by other witnesses and do not lie exclusively within the knowledge of the defendant.

ANDERSON, J., delivered the opinion of the court.

This is an appeal from the chancery court of Sunflower county from a decree of that court transferring this cause to the circuit court of that county.

Appellant, Warner, filed his bill against appellee, Hogin, to recover a money judgment, and, in aid of his cause of action, sought discovery and an accounting by appellee. Appellee demurred to the bill upon the ground that it failed to state a cause for discovery and accounting and that the subject of the litigation was therefore one of exclusive law jurisdiction. The demurrer was sustained by the court and appellant given leave to amend his bill, which leave he declined; thereupon the court entered an order transferring the cause to the circuit court. From the decree sustaining the demurrer and transferring the cause to the circuit court, an appeal was granted by the trial court to settle the principles of the cause. The appeal was granted under section 17, chapter 151, Laws of 1924, Hemingway's 1927 Code, section 9.

It will be observed from the statute that the chancellor, in term time, or in vacation, is authorized, in his sound discretion, to grant appeals from certain character of interlocutory decrees to settle the controlling principles involved in the cause. The interlocutory decree

appealed from in this case does not come within the provisions of the statute. The sole question involved was one of jurisdiction as between the chancery court and the circuit court—whether the cause of action was one of equity or law cognizance. It is true, that, in determining that question, it would be necessary for the court to decide whether appellant's bill, under the applicable, equitable principles, stated grounds for discovery and accounting; but the decision of the latter question would be merely incidental and in aid of the former question. The decision of the question of jurisdiction, as between the chancery court and the circuit court, was not a determination of "the principles involved in the cause."

Section 703, Code of 1906 (section 496, Hemingway's 1927 Code), provides that "the circuit court shall have jurisdiction of all cases transferred to it by the chancery court or remanded to it by the supreme court." By virtue of this statute, the circuit court acquired jurisdiction of the cause, regardless of whether it was one of equity or law cognizance. If, however, on a trial of the cause in the circuit court, it should develop that appellant has been denied a substantial right because of the fact that the cause was one of equity jurisdiction instead of law jurisdiction, appellant would be entitled to a reversal in this court on that ground. It is true that, under section 147 of the Constitution appellant would not be entitled to a reversal on the ground alone that the cause was one of exclusive equity jurisdiction, but he would be entitled to a reversal on the ground, if such ground existed, that the law court had failed to furnish him an adequate remedy, resulting in the denial to him of a substantial right.

The chancery court and the circuit court cannot make football of a case by kicking it back and forth from one to the other. Under our Constitution and statutes, when one of these courts transfers a cause to the other, the court to which it is transferred has jurisdiction to finally dispose of the cause. When such a cause is appealed to the supreme court from either the chancery court or

the circuit court, it cannot be reversed, under section 147 of the Constitution, on the ground alone of a mistake of jurisdiction; but if, in addition to that error, the complainant party is denied a substantial right on account of the cause being in the wrong court, the supreme court will reverse it and send it to the right court.

The question is one of the jurisdiction of this court, and is raised by this court itself, under the authority of *Ward* v. *Whitfield*, 64 Miss. 754, 2 So. 493, and *Talbot & Higgins Lumber Co.* v. *McLeod Lumber Co.*, 113 So. 435.

*Appeal dismissed.*