## DUNN v. DENT.

(Division A. Nov. 2, 1936.)

[170 So. 299. No. 32317.]

J. F. Galloway, of Gulfport, for appellant.

**White & Morse,** of Gulfport, for appellee.

**McGowen, J.**, delivered the opinion of the court.

This is an appeal from an order of the chancery court transferring this cause from that court to the circuit court. The chancellor granted the appeal as from an interlocutory decree as allowed by section 14, Code 1930, because of "its doubt as to the correctness of transferring said cause to the circuit court and in order to save costs and delays."

The cause arose by Dent and others filing a bill in the chancery court against Dunn as a nonresident, as provided by article 2, ch. 7, sec. 173, Code 1930, seeking to recover in an action ex delicto for malicious prosecution in bringing and prosecuting to a conclusion a certain civil lawsuit, and set up, in connection therewith, several other companion suits. It alleged that the appellant is a nonresident of the state, and an attachment in chancery was issued and served upon his lands.

In the case of Marquette Cement Mfg. Co. v. New Amsterdam Cas. Co., 174 Miss. 843, 165 So. 615, this court unequivocally held that, by virtue of section 14, Code 1930, an appeal was not allowable to settle all the controlling principles involved in a case based on a motion which involved nothing but a step in procedure. That case had reference specifically to an appeal from an order transferring a cause instituted in the chancery court to the circuit court, and there pointed out that the court had distinctly held in Warner v. Hogin, 148 Miss. 562, 114 So. 347, that such an order of transfer is not appeal-

able. The court there had in mind the decision of this court in the case of Robertson v. F. Goodman Dry Goods Co., 115 Miss. 210, 76 So. 149. It may be pointed out, however, that in the latter case the court sustained the right of appeal because there was an order overruling a demurrer as a part of an order of transfer.

In the case at bar the contention is made in favor of the appellant that the appeal should be sustained to avoid expense and delay.

The rule announced covers the entire field in the construction of section 14, supra.

When the court below entered its order transferring this cause to the circuit court, it was invested with jurisdiction of this case, section 491, Code 1930, whether the case was one of law cognizance or not.

Appeal dismissed.