CRAIG, STATE TAX COLLECTOR, v. WOODS.

(In Banc. Jan. 20, 1941.)

[199 So. 772. No. 34398.]

W. W. Venable, of Clarksdale, for appellant.

Ben Wilkes, of Greenville, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This case was transferred from the Chancery Court of Washington County to the Circuit Court thereof, and the appeal here is from a judgment of the Circuit Court overruling the motion of the appellant to transfer the suit back to the Chancery Court, and finally dismissing the cause when he declined to proceed with the trial.

The predecessor in office of the appellant filed the suit, as State Tax Collector, in the Chancery Court aforesaid, alleging in a bill of complaint that the appellee was selling intoxicating liquors at his place of business in that county under a federal license or permit for the sale of such liquors, but contrary to the laws of the state of Mississippi. He sought to recover the sum of $500 on behalf of the state, and $500 on behalf of the county, as provided for by section 2000 of the Code of 1930. The bill of complaint also alleged that the business as conducted by the appellee is unlawful, and that by virtue of the statutory laws of the state of Mississippi it constitutes a nuisance subject to abatement by due order of the said Chancery Court.

Section 2001, Code of 1930, provides, among other things, that the Chancery Court shall have concurrent jurisdiction with courts of law to entertain suits under the preceding section for the enforcement thereof, instituted by the State Tax Collector, and that the Chancery Court shall have authority to suppress as a nuisance any place of business where the preceding section is violated, and by proper judgments and orders may punish and restrain the violators thereof.

It will thus be noted that while the Circuit Court has concurrent jurisdiction to grant relief in the matter of enforcing the collection of the tax in favor of the state and county, the jurisdiction is granted to the Chancery

Court and to that court alone under the provisions of said section 2001 of the Code, supra, to suppress as a nuisance any place of business where intoxicating liquors are sold in violation of the law, and to restrain the violator.

There is no specific prayer in the bill for the abatement of the alleged nuisance, nor for an injunction to restrain the alleged violator of the law; but there is a prayer for other, further, general or special relief, such as to the court may seem proper and to equity belongs. The only other or further relief in addition to the recovery of the money sued for, and properly belonging to a court of equity, would be the abatement of the alleged nuisance and restraining the appellee from doing the things complained of in the premises. Under a prayer for general relief the court will extend to the complainant such remedies as will be agreeable to the cause made out by the bill of complaint, whether specifically prayed for or not; and especially so if, as in this case, it would cause no surprise or prejudice to the defendant. Dodge v. Evans, 43 Miss. 570; Barkwell v. Swan, 69 Miss. 907, 13 So. 809; Milam v. Paxton, 160 Miss. 562, 134 So. 171; Griffith's Miss. Chan. Prac., sec. 186; Lockhart v. Leeds, 195 U. S. 427, 25 S. Ct. 76, 49 L. Ed. 263, 265, the latter case expressly holding that the Chancery Court may issue an injunction under a general prayer for relief, where the facts alleged in the bill of complaint shall warrant.

The appellee by his answer admitted that he owned and operated the place of business in question, but denied the allegations of the bill of complaint in regard to the possession and sale of intoxicating liquors in violation of the law. He was thereafter permitted to withdraw the answer and interpose a demurrer. The demurrer having been overruled, he filed the motion to transfer the case to the Circuit Court, where he could obtain a jury trial. This motion was sustained, notwithstanding that the Chancery Court was given concurrent jurisdiction with the Circuit Court to entertain the suit for the recovery

of the money sued for, and was alone granted the authority, under section 2001 of the Code, supra, to suppress the alleged nuisance, and to restrain the appellee from continuing the operation thereof.

Section 162 of the Constitution of 1890 provides that, "All causes that may be brought in the chancery court whereof the circuit court has exclusive jurisdiction shall be transferred to the circuit court." Thus it will be seen that it was never contemplated that a suit commenced by bill of complaint stating grounds for equitable relief made obtainable only in the Chancery Court by the express provisions of a statute, as in the case at bar, or otherwise, should be transferred to the Circuit Court. It is provided, however, by section 491 of the Code of 1930 that, "The circuit court shall have jurisdiction of all cases transferred to it by the chancery court or remanded to it by the Supreme Court;" and it was held in the case of Warner v. Hogin, 148 Miss. 562, 114 So. 347, that where a cause was transferred from the Chancery Court to the Circuit Court the latter acquires jurisdiction whether it was of law cognizance or not. It was evidently assumed by the lawmakers, in the enactment of section 491 of the Code, supra, that the Chancery Court would transfer only such cases to the Circuit Court under the mandate of section 162 of the Constitution as were within the exclusive jurisdiction of that court. That is the only authority to be found either in the Constitution or the laws of this state for the transfer of a case from a Chancery to a Circuit Court, but where a case is erroneously transferred, as is true in the instant case, the court to which it is transferred should and must proceed with the case. Section 517, Griffith's Chan. Prac.; Dunagin v. First Nat. Bank, 118 Miss. 809, 815, 80 So. 276. In the Dunagin case, supra, the court held that the order of the Circuit Court transferring the cause was unappealable, for the reason that the same was not a final judgment, distinguishing the case from that of Robertson, State Revenue Agent, v. F. Goodman Dry Goods Co., 115 Miss. 210, 76 So. 149,

wherein the Chancellor had granted an interlocutory appeal from such an order. Likewise, it was held in the case of Warner v. Hogin, supra [148 Miss. 562, 114 So. 348], that an order of transfer was unappealable, and that the case when transferred could not be sent back by the Circuit Court to the Chancery Court, since these courts "cannot make a football of a case by kicking it back and forth from one to the other." In such a situation, however, the Court did suggest in the case of Warner v. Hogin, supra, that, "if, however, on a trial of the cause in the circuit court, it should develop that appellant has been denied a substantial right because of the fact that the cause was one of equity jurisdiction instead of law jurisdiction, appellant would be entitled to a reversal in this court on that ground. . . . When such a cause is appealed to the Supreme Court from either the chancery court or circuit court, it cannot be reversed, under section 147 of the Constitution, on the ground alone of a mistake of jurisdiction; but if, in addition to that error, the complainant party is denied a substantial right on account of the cause being in the wrong court, the Supreme Court will reverse it and send it to the right court." In the case at bar, however, the appellant did not proceed with the trial in the Circuit Court so as to develop by the proof that intoxicating liquors were being sold at appellee's place of business, and that he, as plaintiff in the case, was entitled to the equitable relief which only the Chancery Court was expressly authorized by the provision of section 2001 of the Code, supra, to administer. The case stood at issue upon the transferred bill of complaint, and the denial of the defendant that he was guilty of the wrongs therein alleged. Since the Circuit Court was without power to transfer the case back to the Chancery Court by virtue of the decisions of this Court in the cases of Dunagin v. First Nat. Bank and Warner v. Hogin, supra, there was no other course left open for the Circuit Court except to dismiss the case upon overruling the motion to retransfer and the refusal of appellant to proceed with

the trial. Hence, the Circuit Court from which this appeal is taken cannot be put in error on the record now before us; nor can we remand the case to the Chancery Court in the absence of a showing disclosed by the proof that the appellant has been denied a substantial right because of the fact that the cause was in the wrong court.

It is said in a footnote under section 517 of Griffith's Chancery Practice that ''If in a rare case transferred to the circuit court an essential equity should arise it should be met with an independent bill in chancery as in other cases—not by the totally inadmissible device of a retransfer.'' This procedure, however, would avail the appellant nothing in the case at bar for the reason that the independent bill of complaint could be likewise transferred to the circuit court unless the chancellor was disposed to try the case. The bill which was originally filed was sufficient to present an essential equity.

If it be true, as contended by counsel for appellant, that it would have been a vain and useless waste of time and effort on his part had he proceeded with the trial before a jury in that county, in an attempt to obtain a finding of fact in a case of this character which would have constituted a basis for the relief intended to be afforded in the Chancery Court by the terms of section 2001 of the Code of 1930, yet the fact remains that when the knowledge on the part of the Chancellor that his order of transfer would deprive the litigant of substantial equitable rights, and that it is unappealable, together with the further knowledge that the Circuit Court is without power to retransfer the cause, fails as a sufficient inducement to prevent an equity case from being transferred to the law court, then the appellant must, nevertheless, go without remedy, in the absence of some appropriate legislation in the premises. That some appropriate legislation to prevent or remedy the occurrence of situations such as is seen in this case is needed could not be made more obvious than by what has hap-

pened here, but the appropriate legislation must be supplied by the Legislature itself and not by this Court.

The judgment of the Circuit Court will have to be affirmed.

Affirmed.