FOOTE-PATRICK CO. *v.* CALADONIA INSURANCE COMPANY.

[74 South. 292, Division B.]

1. TRIAL. *Transfer to chancery court.* *Jurisdiction.*
   When a cause is transferred from the circuit to the chancery court, it is the order of transfer that invest the court to which the case is transferred with jurisdiction. The statute expressly says that the cause "shall be proceeded" with as if it had originally begun in that court, as of the date on which the cause was originally instituted. It is a pending cause all the while, and as soon as the order of transfer is entered, the court to which the case is transferred thereupon has jurisdiction of the case and may proceed in the manner outlined by the statute, and the only object of the requirement that a bill be filed within thirty days is for the purpose of reframing the pleadings to conform to the practice in the chancery court.

2. SAME.
   The provision under Code 1906, section 1013, that the bill shall be filed within thirty days is certainly not a statute of limitations, and the failure to file the bill within the time prescribed could not be said to be a jurisdictional omission or defect, and a bill filed within thirty days after the papers were actually deposited with the chancery clerk was sufficient.

3. EQUITY. *Chancery jurisidiction.* *Fraud.*
   The chancery court has general jurisdiction of fraud.

4. GARNISHMENT. *Transfer to chancery.* *Trial.* *Fraud.*
   Where on the transfer of a cause from the circuit to the chancery court after default judgment against the defendant upon the issue of the garnishee's liability raised by its answer attempting to set up the adjudication of the issue between the garnishee and certain parties made defendants to the bill, in the chancery court, plaintiff could only attack the judgment in an alleged collusive suit between such parties and the garnishee on the ground of fraud and collusion, it was error to dismiss the bill of complaint.

APPEAL from the chancery court of Jones county.
HON. G. C. TANN, Chancellor.
Suit by the Food-Patrick Company against Robert Logan, Caladonia Insurance Company, Granishee; judg-

ment by default against the defendant, Logan, and contest between plaintiff and garnishee transferred to the chancery court, wherein plaintiff in its bill joined other parties defendant. From a decree for the garnishee, dismissing the bill, plaintiff appeals.

Appellant is a corporation domiciled at Laurel, Miss., and doing a wholesale grocery business. Appellee is a foreign insurance company, lawfully doing business in this state. One Robert Logan was indebted to appellant in the sum of five hundred and fifty dollars, and was the beneficiary in or owner of a fire insurance policy whereby appellee insured certain property belonging to the said debtor. This property was destroyed by fire, and thereafter appellant filed suit against Logan in the circuit court and attached and garnished the funds alleged to be due by appellee to Logan as the proceeds of this insurance. Appellant obtained a judgment by default against Logan upon the debt issue, but the answer of appellee, as garnishee, denied liability on the policy of insurance. The answer of the garnishee was contested by appellant, and the issue thus raised by this contest was, by agreement of the parties, continued for several terms of court. While the issue thus made on the answer of the garnishee was pending, appellant moved that this issue or controversy be transferred to the chancery court for final adjudication. The motion for transfer was sustained by the circuit court and an order therefor duly entered. There was considerable delay on the part of the circuit clerk in depositing the papers in the chancery court to which the case was transferred. The papers were not deposited in strict accordance with section 1012 of the Code; and appellant did not file its bill in the chancery court within the thirty days prescribed by section 1013. these two section of the Code read as follows:

"1012. (936) Certification of transferred causes.—If a cause be transferred by order of the chancery court to the circuit court, or vice versa, the clerk of the court ordering the transfer shall forthwith deposit all the

papers in the cause, together with his certificate of the fact of the transfer, in the court to which it was transferred, taking the receipt of the clerk therefor.

"1013. (937) Proceedings in such causes.—When the papers have been deposited in the court to which the cause was transferred, all the parties to the proceeding shall take notice of the fact of the transfer; and the complainant or plaintiff shall file his declaration or bill in the court to which the cause was transferred within thirty days, unless the court, judge, or chancellor shall restrict the time or grant further time; and the defendant shall plead within thirty days thereafter, unless the time by like means, be restricted or extended. And the cause shall be proceeded with as if it had been originally begun in that court, as of the date on which the cause was originally instituted."

When appellant did present its bill in the chancery court, it not only made appellee a party defendant, but also sued W. F. Tibbetts and A. T. Whitney, alleged assignees of the policy of insurance. The issue here presented arises on a motion of appellee insurance company to dismiss the bill of complaint.

The bill sets out the proceedings had in the circuit court in the attachment suit, the formation of the issue on the answer of the garnishee, and the transferring of this issue to the chancery court. It further alleges that at the July, 1914, term of the circuit court of the second district of Jones county. an order had been entered dismissing a certain suit filed by Tibbetts and Whitney as assignees of the policy of fire insurance and against the appellee; that this issue had been tried by a special judge; that a demurrer filed by the insurance company to the declaration had been sustained and the suit dismissed at plaintiffs' cost. The bill charges, in detail, that the suit of Tibbetts and Whitney, as assignees, had been filed without the knowledge and consent of appellant, and by collusion with the insurance company, appellee herein. It charges that when the declaration in said suit was filed,

the insurance company, through its attorneys, waived service of process and entered the company's appearance; and that while the demurrer was interposed and sustained, yet, nevertheless, a settlement of the cause was had between the insurance company and Tibbetts and Whitney, whereby a substantial sum had been paid as the proceeds of the policy. It is charged that Tibbetts and Whitney conspired with appellee to defeat the garnishment of appellant; that service of garnishment was had prior to any assignment of the policy; and that the claim of appellant is prior and superior to that of the said assignees. It is also charged in the bill that Robert Logan, the judgment debtor, has no other property out of which appellant can satisfy its judgment; that the assignment of the policy was a pretended assignment and the whole proceeding a fraud on the rights of appellant. Attached to the bill were certain interrogatories propounded to the manager of appellee insurance company, as also to W. F. Tibbetts and A. T. Whitney, praying certain disclosures alleged to be necessary in the prosecution of complainant's cause. The material ground or charge of the motion is that the order of transfer "was made in the circuit court at the September, 1914, term, as shown by the copy of same herewith filed, marked Exhibit A, and made a part of this motion, from which it will be seen that no time beyond the thirty days allowed by statute in which to file the bill of complaint in the chancery court, and the bill of complaint herein was not filed until the 28th day of September, 1915, more than thirty days after the order of transfer was made, and contrary to the provisions of section 1013 of the Code of 1906." This motion was by the court sustained, and from the decree dismissing the bill, appellant prosecutes this appeal.

*Shannon & Schauber*, for appellant.

Under the facts alleged in the bill of complaint, for this court to approve the action of the lower court, would

be to terminate this proceeding, when the purpose and object of this suit is to reach the funds that belong to Robert Logan, in the hands of the Insurance Company, by virtue of an insurance policy issued by appellee on certain property that was destroyed by fire before the filing of the original suit in the circuit court. The Insurance Company should certainly be required to come into the chancery court and answer the interrogatories filed with complainant's original bill. If it has any such funds in its hands, the judgment rendered by the circuit court was certainly obtained through collusion and fraud, and is an injury to appellant, for which its suit in the chancery court is its proper and only remedy.

We earnestly submit that the said sections 1012 and 1013 governing the transfer of causes from the chancery court to the circuit court, or *vice versa,* are not jurisdictional, and unless this court holds said sections to be jurisdictional they should reverse this cause, for the reason that the chancellor took this view, and exercised no discretion whatever in sustaining appellant's motion to dismiss the original bill in this cause.

However, would this court hold that said sections are jurisdictional, we contend that the original bill in this cause was dismissed peremptorily, for the reason that under said sections appellant had thirty days from the date of the deposit of the circuit court papers with the chancery clerk of said county; thirty days from October 14, 1915, or until November 14, 1915, when the order sustaining appellee's motion was rendered on November 5, 1915, before the expiration of said thirty days.

We further contend that even if said sections are jurisdictional that complainant's bill in this cause can be entertained independently of said sections, as the relief sought by appellant is purely equitable, and can only be obtained in a chancery court, and therefore, it was error for the lower court to sustain appellee's motion to dismiss the original bill.

For the reasons stated herein we respectfully request that this cause be reversed and remanded.

*McLaurin & Arminstead,* for appellee.

It is our contention that the decree of the chancery court is right on the main feature, the jurisdictional feature. And it is also our contention that the decree is right when considered in connection with sections 1012 and 1013, Code 1906. These statutes of course, contemplate the transfer of causes from a court without jurisdiction to one with jurisdiction, as, otherwise, any sort of cause could, and might be transferred from one court to another without reason or excuse, with the result that the litigant would have no assurance of a sure footing in any court. The chancellor was of the opinion that the bill of complaint had to be filed within thirty days from the date of the order of removal, unless the court or judge should restrict the time or grant further time, which is not the case here. Section 1012 provides "the clerk of the court ordering the transfer shall forthwith deposit all the papers in the cause, together with his certificate of the fact of the transfer, in the court to which it was transferred, taking the receipt of the clerk of the circuit court did not comply with this. Section 1013, provides that "when the papers have been deposited in the court to which the cause was transferred, all the parties to the proceeding shall take notice of the fact of the transfer; and the complainant or plaintiff shall file his declaration or bill in the court to which the cause was transferred within thirty days, unless the court, judge or chancellor shall restrict the time or grant further time."

Counsel for appellant argue that this section means that they had thirty days from the time the papers were deposited by the clerk of the court ordering the removal with the clerk of the court to which the cause is transferred in which to file the original bill, but we think it

clear that this section does not mean this. It says that when the papers · have been deposited in the court to which the cause is transferred, all the parties to the proceeding shall take notice of the transfer. This is followed by a semicolon. ·The time when the bill or declaration, as the case may be, must be filed is governed by the part of the section following the semicolon, which is within thirty days, unless the court, judge or chancellor shall restrict the time or grant further time, within thirty days of what? Not the time when the papers have been deposited by the clerk, because it says the court, judge or chancellor may restrict the time or grant further time. This, of course, means that the court, judge or chancellor ordering the transfer of the cause may, in the order transferring the cause, restrict the time or grant further time; and, if he does neither, then the time is affixed by the statute at not exceeding thirty days, Suppose the court, judge or chancellor, in transferring a cause to another court should be of the opinion that ten days were sufficient in which the complainant or plaintiff must file his bill or declaration. Such fact would be stated in the order of removal, and it would not mean ten days from the time the original papers were deposited by one clerk with the other clerk, but it would mean ten days from the date of the order transferring the cause. A like rule would prevail if the court ordering the transfer should see proper to extend the time fixed by the statute. Now, clearly if the limited time, or the enlarged time, would be controlled by the date of the order transferring the cause, then the thirty days provided by statute, when the time has been neither limited nor extended, refers to the date of the order also, and not to the time when the clerk may actually lodge the papers with the clerk of the other court.

The chancellor seems to have based his decree on this construction of the statute, and it seems to us that he construed the statute correctly, and his decree should be affirmed, first, because it was not a case of equitable

cognizance in the first place, and the attempted transfer was a nullity; and, in the second place, the chancellor was correct in his construction of section 1013 of the Code.

Counsel for appellant, realizing the weakness of their position, close their brief by contending ''that even if said sections are jurisdictional that complainant's bill in this cause can be entertained independently of said section, as the relief sought by appellant is purely equitable.'' This position might be sound in certain cases, but it will not do in this case, for the reason that it attempts to hold the appellee under a writ of garnishment sued out in the circuit court. If the circuit court had jurisdiction of that issue, having first acquired it, it retained it, and jurisdiction did not pass to the chancery court by a mere order of transfer. If appellant wants to file an original bill in the chancery court, it has the right, of course, to do so, but it has no right to hold this appellee under a writ of garnishment by any such attempted ouster of the jurisdiction of the circuit court.

We therefore submit that the decree of the Chancellor ought to be affirmed.

Stevens, J., delivered the opinion of the court.

The learned chancellor seems to have been of the opinion that after an order transferring the garnishment issue was entered, it was incumbent upon appellant to file its bill within the thirty days prescribed by statute; that this provision of the statute, directing that the bill shall be filed within thirty days, is jurisdictional, and a failure to comply with the terms of the statute in this regard took away the jurisdiction of the chancery court. We do not interpret the statute so literally. When a cause is transferred from one court to the other, it is the order of transfer that invests the court to which the case is transferred with jurisdiction. The statute expressly says that the cause ''shall be proceeded with as if it had been originally begun in that court, as of the

date on which the cause was originally instituted.'' It is a pending cause all the while, and as soon as the order of transfer is entered, the court to which the case is transferred thereupon has jurisdiction of the case and may proceed in the manner outlined by the statute.  In this instance the chancery court had jurisdiction of the garnishment issue by virtue of the order entered by the circuit court; and the requirement that a bill be filed within thirty days is for the purpose of reframing the pleadings to conform to the practice in the chancery court.

The time within which this bill should be filed could have been extended by the chancellor of the court then having jurisdiction of the cause.  The provision that the bill should be filed within thirty days is certainly not a statute of limitations, and the failure to file the bill within the time prescribed could not be said to be a jurisdictional omission or defect.  It does appear that appellant filed its bill within thirty days after the papers had actually been deposited with the chancery clerk.  There was considerable delay on the part of the circuit clerk in depositing the papers with the chancery clerk.  In the disposition of this case it is really unnecessary for us to say whether appellant should have filed its bill within thirty days of the date of the order of transfer, or within thirty days from the date the papers were deposited in the chancery court.  The statute appears to direct that the bill should be filed within thirty days after the papers have been deposited in the court to which the case was transferred.  It expressly provides that all parties shall take notice of the fact of the transfer ''when the papers have been deposited in the court to which the cause is transferred.''  This is followed by a provision that the complainant or plaintiff shall then file his declaration or bill within thirty days—presumptively, within the thirty days from time they are required to take notice of the transfer.

There is here no question raised about the sufficiency of the bill.  The ruling of the trial court was based upon

a motion to dismiss, and not upon a demurrer. The bill appears to be sufficiently definite in its allegations of fraud, and directly attacks a judgment charged to have been rendered in a collusive suit by Tibbetts and Whitney against appellee. It is elementary that the chancery court has general jurisdiction of fraud; and inasmuch as the charges of fraud are very sweeping, and that Tibbetts and Whitney are brought in as parties defendant, it would appear that the bill here dismissed could well be sustained as an original bill in equity, regardless of whether the garnishment had been properly or improperly transferred. We, however, see no objection to the transfer of the garnishment issue in this case. The answer of the garnishee is not incorporated in the record, but from a motion filed by appellant, asking for the transfer, it is stated that the amended answer of the garnishee attempts to set up the adjudication of issue between the garnishee and Tibbets and Whitney, and in overcoming this judgment of the circuit court acquitting appellee of liability, appellant could only attack the judgment on the ground of fraud and collusion. It was error to dismiss the bill of complaint. Accordingly, the decree of the lower court will be reversed and the cause remanded, with directions to appellee to answer the bill within thirty days after receipt of mandate by the clerk of the court below.

*Reversed and remanded.*