AINSWORTH *v.* BLAKENEY

No. 40123          April 9, 1956          86 So. 2d 501

*McFarland & McFarland,* Bay Springs, for appellant.

*Russell & Little,* Magee, for appellee.

ARRINGTON, J.

The appellee, Clifton Blakeney, filed suit in the Circuit Court of Smith County on January 29, 1953 against the appellant, J. B. Ainsworth. The cause came on for trial at the April 1953 term, but prior to the conclusion of the trial, the appellee moved the court to transfer the cause to the chancery court, which motion was sustained, and order entered on April 24, 1953 transferring said cause to the Chancery Court of Smith County.

On January 18, 1954, appellant filed a motion in the chancery court to dismiss appellee's suit. The chancery court overruled said motion on the ground that it had no jurisdiction. On June 21, 1954, appellant again filed motion in the chancery court to dismiss said cause and direct payment of funds held by the sheriff paid to the appellant. The chancery court sustained the motion to dismiss but overruled the motion as to the payment of money to appellant. On April 15, 1955, the appellant filed motion in the circuit court to dismiss the case and for the payment of the money held by the sheriff to him. The circuit court overruled the motion and granted an appeal to this Court.

Section 1262, Mississippi Code of 1942, provides: ''The chancery court in addition to the full jurisdiction in all the matters and cases expressly conferred upon it by the constitution shall have jurisdiction of all cases transferred to it by the circuit court or remanded to it by the Supreme Court; . . .''

Under Sections 1680 and 1681 of the Code of 1942, the chancery court was vested with jurisdiction

546

upon the circuit court's order transferring said cause. Foote-Patrick Co. v. Caledonia Insurance Company, 113 Miss. 419, 74 So. 292; Dunagin v. First National Bank of Laurel, 118 Miss. 809, 80 So. 276. In Warner v. Hogin, 148 Miss. 562, 114 So. 347, this Court said: "Under our Constitution and statutes, when one of these courts transfers a cause to the other, the court to which it is transferred has jurisdiction to finally dispose of the cause." Cf. Craig v. Woods, 190 Miss. 258, 199 So. 772, in which the Court held that where a case was erroneously transferred from a chancery court to a circuit court, the court to which it is transferred should and must proceed with the case.

From the foregoing authorities cited, the Chancery Court of Smith County has jurisdiction of this cause. The circuit court being without jurisdiction, it follows that this Court has no jurisdiction of the appeal and it must be dismissed.

Appeal dismissed.

*McGehee, C.J.,* and *Kyle, Ethridge,* and *Gillespie, JJ.,* concur.