# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CP-00704-SCT

*BRYAN D. HOPSON, DECEDENT, BY AND*
*THROUGH HIS NEXT OF KIN, DEREK D. HOPSON*

*v.*

*SCOTTY MEREDITH, COUNTY MEDICAL*
*EXAMINER*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/11/97 |
| TRIAL JUDGE: | HON. HARVEY T. ROSS |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | KATHERINE B. PARKER |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 08/13/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/3/98 |

**BEFORE SULLIVAN, P.J., McRAE AND SMITH, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Bryan D. Hopson (hereinafter Bryan) was killed in an automobile accident on June 10, 1997, while riding in the front passenger seat of a car driven by Wyoman "Todd" Reed. Reed was charged with "felony leaving the scene of an accident in which a death was involved." Coahoma County Medical Examiner Scotty Meredith ordered an autopsy on Bryan's body. Derrick D. Hopson, Bryan Hopson's next of kin, (hereinafter Hopson) filed a Petition for Temporary Restraining Order and Other Relief in the Coahoma County Circuit Court to prohibit the autopsy. The case was transferred to the Coahoma County Chancery Court without objection from either party by an order dated June 11, 1997. On June 11, 1997, Chancellor Harvey T. Ross denied the temporary restraining order, finding that the chancery court lacked authority to issue the requested relief. Hopson appeals to this Court, assigning as error the chancery court's finding that it lacked authority to grant Hopson's petition and the unfettered discretion allowed the State Medical Examiner and the County Medical Examiner in ordering an autopsy. We find that the chancery court exercised proper jurisdiction over this case and properly denied Hopson's petition for a temporary restraining order.

## STATEMENT OF THE LAW

## I.

### WHETHER THE CHANCERY COURT "LACKS AUTHORITY" TO PROHIBIT AN AUTOPSY UPON TRANSFER OF THE MATTER FROM THE CIRCUIT COURT WHICH HAS STATUTORY JURISDICTION TO HEAR THE MATTER.

¶2. Although both parties address this issue as a question of jurisdiction, Judge Ross's Order Denying Temporary Restraining Order and Other Relief does not state that the chancery court lacked jurisdiction over the case. Instead, Judge Ross made findings of fact relating to the necessity of an autopsy in the case and concluded "that this Court lacks the authority to issue the relief requested by Petitioner Derek D. Hopson." We find that the chancery court denied the requested relief on the merits and not based upon a lack of subject matter jurisdiction. However, because both parties address the issue of jurisdiction in their briefs, a brief discussion of proper jurisdiction in this case is warranted.

¶3. The circuit court holds jurisdiction over family members' petitions from the county medical examiner's decision to perform an autopsy. Miss. Code Ann. § 41-61-65(3) (1993).

> The chancery court in addition to the full jurisdiction in all the matters and cases expressly conferred upon it by the constitution shall have jurisdiction of all cases transferred to it by the circuit court or remanded to it by the supreme court; and such further jurisdiction, as is, in this chapter or elsewhere, provided by law.

Miss. Code Ann. § 9-5-81 (1991). In interpreting this statute, we have held that once the circuit court transfers a case to the chancery court or vice versa, "the court to which it is transferred should and must proceed with the case." **Ainsworth v. Blakeney**, 227 Miss. 544, 546, 86 So.2d 501, 502 (1956) (*citing* **Craig v. Woods**, 190 Miss. 258, 199 So. 772 (1941)). This rule applies even when the transfer is erroneous. **Id**. Based upon these authorities, although the circuit court had original jurisdiction over Hopson's petition, the chancery court gained jurisdiction upon transfer from the circuit court.

## II.

### WHETHER THE STATE MEDICAL EXAMINER OR THE COUNTY MEDICAL EXAMINER HAS "UNFETTERED DISCRETION" IN ORDERING AN AUTOPSY.

¶4. Hopson contends that the county medical examiner should not be allowed unfettered discretion in ordering autopsies, and that the chancery court therefore erred in refusing to hear Hopson's case.

> Family members or others who disagree with the medical examiner's determination [to order an autopsy] shall be able to petition and present written argument to the State Medical Examiner for further review. If the petitioner still disagrees, he may petition the circuit court which may, in its discretion, hold a formal hearing.

Miss. Code Ann. § 41-61-65(3) (1993). The trial court within its discretion could hold a formal hearing on the matter or, as in this case, issue an order denying the requested relief.

¶5. The county medical examiner has the duty of ordering an autopsy in any case in which "it is advisable and in the public interest that an autopsy or other study be made for the purpose of determining the primary and/or contributing cause of death. . ." Miss. Code Ann. §§ 41-61-53(f), 41-61-65(1) (1993). "'Death affecting the public interest' means any death of a human being where the circumstances are sudden, unexpected, violent, suspicious or unattended." Miss. Code Ann. § 41-61-53(e) (1993). More specifically, the Mississippi Legislature has classified "[v]iolent death, including homicidal, suicidal or accidental death" as a death affecting the public interest. Miss. Code Ann. § 41-61-59(2)(a) (1993). Bryan's death in the June 10, 1997, car wreck was a sudden, accidental death. As such, County Medical Examiner Scotty Meredith properly ordered an autopsy on Bryan's body. An autopsy was also appropriate due to the public interest in prosecuting Reed for the felony charge against him arising out of the accident. Meredith's decision was not based upon unfettered discretion, but was governed by Mississippi statutory law. Considering the facts and controlling law in this case, we find that the chancery court did not abuse its discretion in refusing to hold a formal hearing on Hopson's petition or in denying the requested relief.

## CONCLUSION

¶6. The chancery court was compelled to rule on Hopson's petition upon transfer of the case from circuit court. We find that the Coahoma County Chancery Court exercised proper jurisdiction over the proceedings in this case. In light of the circumstances surrounding Bryan's death, Meredith properly ordered an autopsy of Bryan's body pursuant to statutory law. We hold that the chancery court did not abuse its discretion in denying Hopson's petition for a temporary restraining order.

¶7. **AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**