## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-IA-01640-SCT

*EMERY BURCH d/b/a B-CO., INC.*

*v.*

*LAND PARTNERS, L.P.*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/17/1999 |
| TRIAL JUDGE: | HON. JOHNNY LEE WILLIAMS |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | LOWE ARTHUR HEWITT |
| ATTORNEYS FOR APPELLEE: | ERIK M. LOWREY |
| | PATRICK H. ZACHARY |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 04/26/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/17/2001 |

## CONSOLIDATED WITH

## NO. 1999-IA-01837

*LAND PARTNERS, L.P.*

*v.*

*EMERY BURCH d/b/a B-CO., INC.*

| DATE OF JUDGMENT: | 10/06/1999 |
|---|---|
| TRIAL JUDGE: | HON. MICHAEL EUBANKS |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PATRICK H. ZACHARY |
| | ERIK M. LOWREY |
| ATTORNEY FOR APPELLEE: | LOWE ARTHUR HEWITT |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART- 04/26/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BANKS, P.J., SMITH AND WALLER, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. These two consolidated interlocutory appeals present the issue of whether the Lamar County Chancery or Circuit Court is the more appropriate forum to hear and decide these two lawsuits which arise from a real estate transaction between Land Partners, L.P. (hereinafter "LPLP"), and Emery Burch d/b/a B-Co (hereinafter "B-Co."). On July 13, 1998, LPLP filed suit in Lamar County Chancery Court alleging that B-Co. fraudulently procured a warranty deed involving several lots that LPLP sold to B-Co. Additionally, LPLP charged B-Co. with breach of contract requesting specific performance of the contract, actual and punitive damages, and attorney's fees and costs. On August 21, 1998, B-Co. filed suit against LPLP in Lamar County Circuit Court for breach of contract, tortious interference with contracts, and slander, and B-Co. moved the chancery court to transfer the case to Lamar County Circuit Court so that the two cases could be consolidated. On January 26, 1999, the chancellor granted B-Co.'s motion to transfer the case to the circuit court.

¶2. LPLP filed a motion of reconsideration with the Lamar County Chancery Court, and the court entered an order to reconsider the case. On April 23, 1999, LPLP filed a motion with the circuit court to transfer the case back to the chancery court. On April 29, 1999, the Lamar County Circuit Court entered an order denying a transfer back to the chancery court. This Court received the case when it consolidated both chancery and circuit court cases and granted both parties' petitions for interlocutory appeal.

## FACTS AND PROCEEDINGS BELOW

¶3. On February 1, 1997, LPLP and B-Co. entered into a real property purchase contract whereby LPLP would sell B-Co. nine lots for $15,000 on Big Bay Lake in Hattiesburg, Mississippi. B-Co. agreed to pay LPLP for these lots after it built and sold each home. LPLP further agreed to help B-Co. with construction financing of the homes. The contract stated that B-Co. had eighteen months to complete the homes, and additionally, the contract spelled out other time provisions for construction. B-Co. proceeded to build homes on lots one, two, and three of Big Bay Lake. It was determined that lot nine was not suitable for

construction, and five lots remained.

¶4. A second contract was drafted on April 7, 1998, detailing the agreements for vacant lots four through eight. In this contract, LPLP agreed not to charge B-Co. any gate or sewer fees until each "parcel/dwelling" was sold. Also, LPLP agreed to prepare the warranty deeds for the properties at a cost of $150 each. LPLP became aware that B-Co. was intending to sell two vacant lots, and filed suit in Lamar County Chancery Court on July 13, 1998. On August 25, 1998, B-Co. moved for dismissal of the chancery court case, or alternatively, to transfer and consolidate the case with an action filed by B-Co. against LPLP in Lamar County Circuit Court. LPLP, in turn, filed a motion to dismiss, or alternatively, to transfer and consolidate the cases in the chancery court on September 18, 1998. On January 26, 1999, the chancery court granted B-Co.'s motion to transfer and the case was consolidated in Lamar County Circuit Court. The chancery court clerk entered the certificate of transfer on that date.

¶5. On February 5, 1999, LPLP filed a motion for reconsideration of the chancellor's order and amended the motion on March 15, 1999. On April 1, 1999, the chancellor entered an order retaining jurisdiction of the previously transferred case because the chancellor determined that the parties' intent needed to be examined and that the case would best be adjudicated in chancery court. On April 29, 1999, the circuit court judge entered an order denying transfer to chancery court, stating that the circuit court would retain jurisdiction. On July 27, 1999, the circuit court denied LPLP's motion for reconsideration. On September 21, 1999, B-Co. was granted interlocutory appeal, and the case was stayed until the appeal was resolved. Additionally, LPLP petitioned for and was granted an interlocutory appeal, and both cases were consolidated by this Court.

¶6. Upon consolidated appeal to this Court, the following issue is:

**I. WHETHER THE CHANCERY COURT MAY RE-CLAIM JURISDICTION IN THIS CASE AFTER IT HAD PREVIOUSLY TRANSFERRED IT TO THE CIRCUIT COURT?**

**DISCUSSION**

¶7. Whether the circuit court had proper jurisdiction to hear a particular matter is a question of law. *Entergy Miss., Inc. v. Burdette Gin Co.*, 726 So.2d 1202, 1204-05 (Miss. 1998). As such, this Court must apply a de novo standard of review. *Saliba v. Saliba*, 753 So.2d 1095, 1098 (Miss. 2000).

**I**.

¶8. B-Co. argues that the case at bar was improperly filed in chancery court because the action involved a breach of contract, and that the action initially should have been filed in circuit court so it could have been heard by a jury. B-Co. cites to the case of *Thompson v. First Miss. Nat'l Bank*, 427 So.2d 973 (Miss. 1983), where this Court held that an order transferring a case from circuit court to chancery court was erroneous. The Court reasoned that the case should remain in circuit court and held that the order was erroneous because it "operated to deny the plaintiff the right to a trial by jury." *Id*. at 974.

¶9. B-Co. also cites to another case in which this Court has held that the circuit court is the better court to handle types of actions involving contracts and punitive damages. In *Tillotson v. Anders*, 551 So.2d 212 (Miss. 1989), this Court held that the chancery court erred when it denied the appellant's motion to transfer the case to circuit court. In *Tillotson*, the Court recognized that the appellant asserted his right to a jury trial and further stated that if the action was to remain in chancery court, there would be no trial by jury. *Id*.

at 214. Therefore, the Court transferred the case. Because of these cases, B-Co. argues that if the case at bar does not remain in circuit court, it will be denied his fundamental right to a trial by jury, and will be substantially and irreparably harmed.

¶10. In addition, B-Co. makes a more persuasive argument involving this issue regarding the law of transfer and jurisdiction. In *Cobb v. Cobb*, 485 So.2d 691, 692 (Miss. 1986), this Court found that the Mississippi Rules of Civil Procedure do not address transfer of cases. However, this Court has addressed the procedural issue of transfer in several of its cases. In *Ainsworth v. Blakeney*, 227 Miss. 544, 86 So.2d 501 (1956), an action was initially brought in the circuit court, but the case was later transferred to the chancery court upon motion of the appellee. Once the case had been transferred, the appellant later sought to have the case dismissed in the chancery court and the chancery court found that it did not have the proper jurisdiction to dismiss the case. *Id*. at 501. The Court held that "the chancery court was vested with jurisdiction upon the circuit court's order transferring said cause." *Id*. at 502. Therefore, once the case had been transferred, the chancery court had been vested with jurisdiction of the case.

¶11. Additionally, in *[Hopson v. Meredith](#)*, 719 So.2d 1176 (Miss. 1998), this Court held that "once a circuit court transfers a case to chancery court or vice versa, the court to which it is transferred should and must proceed with the case." *Id.* at 1177. The Court went on to further hold that "this rule applies even when the transfer is erroneous." *Id*. at 1177. Also, in *Foote-Patrick Co. v. Caladonia Ins. Co.*, 113 Miss. 419, 74 So. 292 (1917), the Court held that "when a case is transferred from circuit court to chancery court, it is the order of transfer, and not the filing of the bill within 30 days thereafter, that invests the chancery court with jurisdiction, and after an entry of such order chancery court under Code 1906 § 1013, has jurisdiction and may proceed as prescribed by statute, irrespective of the filing of the bill." *Id*. at 293.

¶12. LPLP's contends that the more appropriate court is the chancery court because the case at issue is the type of case that is traditionally heard and adjudicated by chancery courts. LPLP begins its argument with a case espousing a basic truism of equity law. In *Osborne v. Bullins*, 549 So.2d 1337 (Miss. 1989), the Court held that equitable remedies are at the sound discretion of the chancellor. *Id*. at 1339. Additionally, LPLP cites to *Cumbest v. Harris*, 363 So.2d 294 (Miss. 1978), in which specific performance was sought as the preferred remedy in a breach of contract action. The Court in *Cumbest* sought the remedy of specific performance, and opined that there was "considerable authority, old and new, showing liberality in the granting of an equitable remedy." *Id*. at 296. While those statements are indeed true, LPLP fails to address the issue of transfer at this point, which is the controlling issue in this case.

## CONCLUSION

¶13. In applying the above cases to the case at bar, it is clear that the chancery court divested itself of jurisdiction when it granted the B-Co.'s request to transfer. The Lamar County Chancery Court's order granting the defendant's motion to transfer and consolidate on January 26, 1999, even stated that the transfer would "work no hardship or prejudice on the plaintiff in this action, but will rather assure that full and complete justice is had and done to all parties." Also, the chancery court further stated that, "the issues before this court deal with contractual remedies which are issues proper before the Circuit Court of Lamar County which is a proper forum for the litigation of this controversy." Even if the transfer had been made in error, according to this Court's holding in *[Hopson](#)*, it is clear that the circuit court would still be allowed to maintain jurisdiction in this case. The circuit court is more adept to handle equity cases, rather than the

chancery court to handle legal claims.

¶14. Additionally, the Mississippi Constitution states that, "the right of trial by jury shall remain inviolate." Miss. Const. art. 3, § 31. If this case is allowed to go back to the chancery court, B-Co. will be denied the right to a jury trial. We find that the more appropriate court is the circuit court, and this case should be adjudicated by that court.

¶15. For these reasons, we affirm the Lamar County Circuit Court's order denying a retransfer to the Lamar County Chancery Court, we reverse the Lamar County Chancery Court's order retaining jurisdiction, and we remand these consolidated cases to the Lamar County Circuit Court for further proceedings consistent with this opinion.

¶16. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**PITTMAN, C.J., BANKS, P.J., MILLS, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY.**