# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-IA-00639-SCT

*RE/MAX REAL ESTATE PARTNERS, INC., RE-MAX REAL ESTATE PARTNERS, AND JUDITH H. CORTS*

*v.*

*PAMELA LINDSLEY*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/19/2001 |
| TRIAL JUDGE: | HON. JOHNNY LEE WILLIAMS |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | KRISTEN A. HORTON |
| | G. TODD BURWELL |
| ATTORNEYS FOR APPELLEE: | JACK W. LAND |
| | MICHAEL K. RANDOLPH |
| | JOE D. STEVENS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AND REMANDED - 03/20/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DIAZ, JUSTICE, FOR THE COURT:**

¶1.     At issue here is whether a chancellor abused his discretion in refusing to transfer this case to circuit court. Pamela Lindsley (Lindsley) sued Re/Max Real Estate Partners, Inc., Re-Max Real Estate Partners, and Judith H. Corts (defendants) in chancery court seeking damages for breach of contract, cancellation of contract, accounting of funds, and other relief. Lindsley alleged that the defendants breached a duty to her by failing to instruct and supervise their agent in such a way as to prevent a breach of fiduciary

responsibilities. Defendants filed a motion to transfer to circuit court, alleging the chancery court lacked subject matter jurisdiction. The chancellor denied that motion. This Court granted the defendants' petition for interlocutory appeal by permission. *See* M.R.A.P. 5. Finding the chancellor's retention of this matter proper, we now affirm and remand.

## FACTS

¶2. In February 1998, Lindsley entered into a listing agreement with Re-Max Real Estate Partners (Re-Max) for sale of Lot 39 in the Fieldstone Subdivision in Lamar County, Mississippi. Debbie Wheat (Wheat) was listed as salesperson. Lindsley had previously purchased Lot 39 for $19,000.00.

¶3. During the period of the sales contract for Lot 39, Lindsley and Wheat were involved in other joint real estate ventures. Lindsley alleges that she loaned Wheat $15,000 and that Wheat used the money for personal reasons. In her petition, Lindsley seeks to recover this money, inter alia, from Re-Max.

¶4. In May 1998, Lindsley needed money to finish building a house on the lot for sale. Lindsley alleges that Wheat represented to her that Wheat could obtain funds to complete the construction if Lindsley would transfer title to Lot 39 to Wheat. Lindsley alleges that she complied and then Wheat, without her consent, borrowed $100,000.00 against the title to the property, paid $19,000.00 to Lindsley, and, without Lindsley's knowledge, retained $81,000.00 for her own personal use.

¶5. Some time later, Lindsley demanded that Wheat reconvey title of the lot to her and learned of the additional $81,000 incumbrance. Wheat has failed to repay the $15,000 loan, the $81,000 loan, or to pay the bank the interest on the $81,000 loan. The bank has foreclosed on the property.

¶6. Lindsley allegedly hired an accountant to trace the money Wheat borrowed, but the accountant could not complete his investigation because certain information was not available to him.

¶7.     In February 2001, Lindsley filed suit against the defendants in Lamar County Chancery Court seeking damages for breach of contract, cancellation of contract, accounting of funds, and other relief. Lindsley specifically alleges that defendants breached their duty to Lindsley to "instruct and supervise Wheat in such a way as to prevent a breach of the fiduciary responsibilities" owed to Lindsley by Wheat and defendants.

¶8.     In March 2001, defendants filed their motion to transfer to circuit court alleging the chancery court does not have subject matter jurisdiction. The chancery court denied that motion, and defendants sought permission to file an interlocutory appeal.   In April 2001, the chancery court denied this request.   In November 2001, this Court granted defendants' petition for interlocutory appeal by permission.

## DISCUSSION

¶9.     Defendants cite the following issue on interlocutory appeal:

**I.     WHETHER THE CHANCERY COURT ERRED IN DENYING DEFENDANTS' MOTION TO TRANSFER TO CIRCUIT COURT**.

¶10.     Whether a trial court has jurisdiction over the subject matter of a claim is a question of law and subject to de novo review by this Court. ***Burch v. Land Partners, L.P.***, 784 So.2d 925, 927 (Miss. 2001).

¶11.     Lindsley's chancery court complaint alleges (1) that defendants breached their duty to Lindsley by failing to instruct and supervise a third party; (2) that defendants' failure to instruct and supervise constitutes gross negligence and/or intentional conduct entitling Lindsley to punitive damages; (3) that defendants breached a listing agreement entered into by the parties; and (4) that Lindsley is entitled to an accounting. Defendants argue that, with the exception of (4), these claims are legal in nature, not equitable.  Therefore, they insist that circuit court, rather than chancery, is the proper forum for this dispute.

¶12.    The chancery court has "full jurisdiction in all the matters and cases expressly conferred upon it by the constitution." Miss. Code Ann. § 9-5-81 (Rev. 2002). The Mississippi Constitution grants the chancery court concurrent jurisdiction with the circuit court over

> suits on bonds of fiduciaries and public officers for failure to account for money or property received, or wasted or lost by neglect or failure to collect, and of suits involving inquiry into matters of mutual accounts; but if the plaintiff brings suit in the circuit court, that the court may, on application of the defendant, transfer the cause to the chancery court, if it appear that the accounts to be investigated are mutual and complicated.

Miss. Const. art. 6, § 161.

¶13.    Chancery courts have historically had jurisdiction over suits for accounting. *Tillotson v. Anders*, 551 So.2d 212, 213 (Miss. 1989).  It is well established that, where there is in a case one issue of exclusive equity cognizance, such an issue can bring the entire case within subject matter jurisdiction of the chancery court and that court may proceed to adjudicate all legal issues as well. *Thompson v. First Miss. Nat'l. Bank*, 427 So.2d 973, 975 (Miss. 1983). Furthermore, chancery courts have the discretion to award legal and even punitive damages as long as the chancery court's jurisdiction has attached. *Southern Leisure Homes, Inc. v. Hardin*, 742 So.2d 1088, 1090 (Miss. 1999).

¶14.    However, "[t]he circuit court should be wary of attempts to camouflage as a complicated accounting what is in essence an action at law for breach of contract." *Thompson,* 427 So.2d at 976, citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).  This Court has indicated that, in cases in which some doubt exists as to whether a complaint is legal or equitable in nature, the better practice is to try the case in circuit court. *Southern Leisure Homes,* 742 So.2d at 1090. *Southern Leisure Homes* also noted that "[i]t is more appropriate for a circuit court to hear equity

4

claims than it is for a chancery court to hear actions at law since circuit courts have general jurisdiction but chancery courts enjoy only limited jurisdiction." *Id.*

¶15. In light of the foregoing, this Court's duty in this case is to determine whether there is an actual need for an equitable accounting in this case. If there is, the chancery court is within its authority to retain the entire case, including the legal claims for damages.

¶16. There are three factors to consider when deciding whether a court of equity has jurisdiction over matters of account, (1) the need of discovery, (2) the complicated character of the accounts, and (3) the existence of a fiduciary or trust relation. *Henry v. Donovan*, 148 Miss. 278, 114 So. 482, 484 (1927).

¶17. Defendants argue that Lindsley has "disclosed no facts that would establish that the accounts relating to the financial activity of Lot 39 is in any way complicated" and that there is no evidence left "undiscovered" by interrogatories, depositions, and requests for production of documents. They also point out that Lindsley is quite capable of determining how much money she alleges she is owed, as she has enumerated her damages in her complaint against them and her complaint against Debbie Wheat individually. They argue that Lindsley has made an accounting claim for the sole purpose of attempting to have chancery court jurisdiction attach and deprive them of their right to a jury trial.

¶18. Lindsley, however, claims that she "has not been able to ascertain how much interest has accrued on the money that was borrowed by Wheat using Lot 39 as collateral. An accounting is sought by Lindsley to determine where the loaned money is, how it has been used or distributed, whether any of the misappropriated money is in the form of proceeds as cash or otherwise." Lindsley also asserts that the accounting is "the basis by which the other claims pursued by Lindsley may be measured."

¶19. Lindsley further argues that defendants owed her a fiduciary duty under the Real Estate License Law and Rules and Regulations, which hold that:

5

It shall be the duty of the responsible broker to instruct the licensees licensed under that broker in the fundamentals of real estate practice, ethics of the profession and in Mississippi Real Estate License Law and to exercise supervision of their real estate activities for which a license is required.

Code Miss. R., Real Estate Commission, Rule IV A. 1 (2002) (enacted pursuant to Miss. Code Ann. § 73-35-15). Also, according to Code Miss. R., Real Estate Commission, Rule IV E.2(g), the agent must "provide a full accounting of any money or goods coming into the agent's possession which belong to the principal or other parties."

¶20.    Though it is true, as defendants assert, that the right to a jury trial shall remain inviolate, this right is not absolute. Our Constitution vests concurrent jurisdiction between chancery and circuit courts in matters regarding accounts; however, chancery is the preferred court to hear this type of matter. *See Crowe v. Smith*, 603 So.2d 301, 307-08 (Miss.1992) (Chancery court holds authority to hear case for an accounting). Moreover, the rules pertaining to jury trial have no effect in chancery court unless a particular statute requires a jury. *Poole v. Gwin, Lewis & Punches, LLP*, 792 So.2d 287 (Miss. 2001) (There is no right to trial by jury in chancery court). *See City of Durant v. Laws Constr. Co.,* 721 So.2d 598 (Miss. 1998) (The right to jury trial guaranteed by Miss. Const. art. 3, § 31 applies only to those cases in which a jury trial was necessary at common law.)

¶21.    In addition, the right to a jury trial is balanced against the right of the plaintiff to choose her forum. This right is limited only by rules of procedure and fair play. Presumably with the knowledge that concurrent jurisdiction between chancery and circuit court existed for this matter, Lindsley chose to bring her suit for redress in the chancery court. This was her choice and, if proper and fair, must be respected here. *See generally New Orleans & N. E.R. Co. v. Gable*, 252 Miss. 605, 611, 172 So.2d 421, 423 (1965) ("We said in the recent case of *Johnson v. Bagby*, Miss., 171 So.2d 327, decided February

6

1, 1965, that '[a]s yet, litigants have the right not only to choose their forum but frequently the right to choose their adversaries.'). We find that it was indeed proper for Lindsley to bring this suit in chancery court and not unduly prejudicial to require the defendants to defend this suit therein.

¶22.     Though it is true that much information can be gained through discovery, this case may be more thoroughly investigated through an accounting in chancery court. Cases involving an accounting should be heard in chancery court rather than circuit court. **Delta Constr. Co. of Jackson v. City of Jackson**, 198 So.2d 592, 601 (Miss.1967). Chancellors will necessarily be more adept at handling this sort of matter, as chancery courts have historically had jurisdiction over claims for accounting. **Tillotson v. Anders**, 551 So.2d at 213. Moreover, Lindsley has satisfied the test set out in **Henry** for deciding whether a court of equity has jurisdiction over matters of account. She has sufficiently alleged the necessity of discovery, the complicated nature of the accounts, and the existence of a fiduciary or trust relation.

¶23.     According to **Henry**, it must be shown that "'an accounting is necessary to determine the amount due' by the defendant." 114 So. at 484 (quoting 1 C.J. 623). Lindsley has alleged that she has not been able to ascertain how much interest has accrued on the money that was borrowed by Wheat using Lot 39 as collateral. An accounting will help determine how the money has been used or distributed and whether defendants benefitted from Wheat's alleged misappropriation. There is a need for an accounting to determine where the money is and what form it now assumes so that the court may decide the best way for Lindsley to recover the money, if any, that she is due.

¶24.     Though defendants argue that Lindsley's specificity in pleading her damages illustrates that the precise amount of her damages are known, an accounting may prove that she is entitled to more (or less) than she has pled. Chancery courts are courts of equity, and in her petition Lindsley has requested general/equitable relief. The accounting may reveal that some of the funds have been used to purchase

7

assets for the benefit of the defendants or assets over which the defendants now exert ownership. Leaving the case in chancery court will better allow her prayer for relief to be modified according to the results of the accounting. The chancery court should retain jurisdiction because it is in the best position to award appropriate relief in the form of a constructive trust or an equitable lien, should one of those should be required.

¶25. Lindsley has also alleged facts and cited appropriate authority that tends to prove the existence of a fiduciary relationship between defendants and her. *See* Code Miss. R., Real Estate Commission, Rule IV A. 1 (2002) (enacted pursuant to Miss. Code Ann. § 73-35-15); Code Miss. R., Real Estate Commission, Rule IV E.2 (g).

¶26. This Court is also persuaded that the accounting claim is the pivotal claim by which the other claims will be measured and by which proper relief may be granted. Discovery of the location and form of the misappropriated funds may define the extent of the breach, if any, of the Listing Agreement, and of the defendants' failure, if any, to instruct and supervise Wheat. As such, an accounting may be dispositive of the other issues in this case.

¶27. Because the chancery court has original jurisdiction of the accounting, it has pendent jurisdiction to hear Lindsley's remaining legal claims. A claim invokes the court's pendent jurisdiction if it "arise[s] out of the same transaction or occurrence as the principal claim or, as others put it, out of a common nucleus of operative fact." *McDonald's Corp. v. Robinson Indus., Inc.*, 592 So. 2d 927, 934 (Miss. 1991) (quoting *Hall v. Corbin*, 478 So. 2d 253, 255 (Miss. 1985)). Because her claims for failure to instruct and supervise, negligence, and breach of contract arose out of the same transaction that necessitates the accounting, to wit, misappropriation of Lindsley's funds by the defendants' agent, the chancery court

8

properly assumed pendent jurisdiction over them. Thus, the chancellor did not err in denying the defendants' motion to transfer this case to circuit court.

## CONCLUSION

¶28.    Because this case will turn on the outcome of the accounting and because chancery courts have historically had jurisdiction over claims for accounting, we affirm the chancellor's denial of the defendants' motion to transfer, and we remand this case to the chancery court for further proceedings consistent with this opinion.

¶29.    **AFFIRMED AND REMANDED.**

**PITTMAN, C.J., McRAE, P.J., EASLEY AND GRAVES, JJ., CONCUR. WALLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SMITH, P.J., COBB AND CARLSON, JJ.**

**WALLER, JUSTICE, DISSENTING:**

¶30.    Because the chancellor committed error by denying the defendants' motion to transfer to circuit court, I respectfully dissent.

¶31.    The allegations in the complaint pertain to Wheat's alleged breach of contract with Lindsley, ReMax's alleged failure to supervise Wheat, and Wheat's alleged conversion[1] of Lindsley's money, civil causes of action which are historically filed in circuit, not chancery, court. *See Southern Leisure Homes, Inc. v. Hardin*, 742 So.2d 1088, 1090 (Miss. 1999) (breach of contract claims properly heard in circuit courts); *Robertson v. Evans*, 400 So. 2d 1214, 1215 (Miss. 1981) (Courts of equity should

---

[1]Even though the complaint does not allege that Wheat converted Lindsley's money, Lindsley does allege that Wheat wrongfully took Lindsley's money for her own personal use. Conversion, which is an intentional tort, *West v. Combs*, 642 So. 2d 917, 921 (Miss. 1994), requires an intent to exercise dominion or control over goods which is inconsistent with the true owner's rights. *Walker v. Brown*, 501 So. 2d 358, 361 (Miss. 1987).

not assume jurisdiction over claims for personal injury). A mere request for accounting does not confer jurisdiction on the chancery court; indeed, any needed accounting is easily developed during discovery in circuit court. ¶32. Under the Mississippi Constitution, chancery courts are courts of limited jurisdiction and may hear all matters in equity, divorce and alimony, matters testamentary and of administration, minors; business, cases of idiocy, lunacy, and persons of unsound mind, and all cases under the laws in force at the time of the adoption of Constitution. Miss. Const. art. 6 § 159(a)-(f) (1890). Circuit courts, on the other hand, are courts of general jurisdiction, having 'original jurisdiction in all matters civil and criminal in this state not vested in another court.' *Id.* § 156. ***Lawrence County Sch. Dist. v. Brister***, 823 So. 2d 459, 460 (Miss. 2001).

¶33. Because this matter should have been brought in the circuit court, I would reverse and remand for a transfer to the appropriate circuit court.

**SMITH, P.J., COBB AND CARLSON, JJ., JOIN THIS OPINION.**